(No. 29250.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES LANGFORD, Plaintiff in Error.

*Opinion filed January 23, 1946—Rehearing denied March 18, 1946.*

CHARLES LANGFORD, *pro se.*

GEORGE F. BARRETT, Attorney General, and BYRON PIPER, State's Attorney, of Effingham, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

On April 13, 1935, plaintiff in error entered a plea of guilty in the circuit court of Effingham county, to an indictment charging him with armed robbery and as an habitual criminal. He was sentenced to the penitentiary for a term of from 15 years to life under the Habitual Criminal Act. He has brought the common-law record here for review by writ of error.

The indictment was in one count. After charging plaintiff in error with the offense of armed robbery, it alleged two prior convictions for the purpose of bringing the charge within the provisions of the Habitual Criminal Act. While plaintiff in error concedes that that portion of the indictment charging him with armed robbery is sufficient to properly charge the commission of such offense, he contends that the paragraphs following that charge, in which the two prior convictions are alleged, are insufficient because those paragraphs do not conclude with the words, "contrary to the statute and against the peace and dignity of the People of the State of Illinois." He further contends that inasmuch as one of the prior convictions alleged in the indictment occurred when he was under 16 years of age, and under which he was sentenced to the St. Charles School for Boys, such conviction cannot be considered under the Habitual Criminal Act for the reason that he was not sentenced to either a penitentiary or the reformatory. He further contends that upon his plea he was erroneously sentenced under the Habitual Criminal Act, and that he could only be properly sentenced for armed robbery. In the view we take of the case it will be necessary to consider only this last contention.

Where a prior conviction is alleged in an indictment under the Habitual Criminal Act, the averment of such prior conviction is not an ingredient of the offense charged in the indictment. The Habitual Criminal Act does not create a new or independent crime. It merely prescribes circumstances under which one found guilty of a specific crime may be more severely punished because of a prior conviction or convictions. The punishment is for the new crime only. The penalty is increased by the statute because the defendant is an habitual criminal. The prior conviction alleged is merely a matter of aggravation relating solely to the punishment to be imposed. *People* v. *Atkinson*, 376 Ill. 623.

By the indictment in this case, plaintiff in error was properly charged with the crime of armed robbery. This is admitted by him. There was only one count in the indictment. This count, after properly charging him with having committed the offense of armed robbery, alleged two prior convictions in aggravation, affecting only the punishment to be inflicted. The allegations of the prior convictions, as already observed, were not ingredients of the offense charged, but are to be regarded only as matters in aggravation. If plaintiff in error had been tried either by a jury or by the court, he could, under the indictment, have properly been found guilty of the crime of armed robbery, as charged in the indictment. The court or the jury could also have found that the averments of the prior convictions, either had, or had not, been proved. Unless there was a finding that he had been so previously convicted, he could only have been sentenced for the crime of armed robbery and not under the Habitual Criminal Act. Likewise, he had the right to enter a plea of guilty to the crime charged, without admitting the prior convictions alleged in the indictment. In that event he could only have been properly sentenced for the crime of armed robbery and not under the Habitual Criminal Act.

The judgment entered recites that the defendant, after having been furnished with a copy of the indictment and list of witnesses, "says he desired to plead guilty and after being fully advised and duly admonished as to the effect and consequences of such a plea persists therein and signs a written waiver of trial by jury and enters his plea of guilty. Judgment on the plea. Sentence of the court is that said defendant, Charles Langford, be committed to the Illinois Penitentiary, for an indeterminate period of not less than 15 years, and may extend to the period of his natural life, and until discharged in due course of law." The facts recited in this judgment could all have been true, without admission of the prior convictions alleged in aggravation, and which affected only the punishment to be inflicted. This entry would have been no different if no prior convictions had been alleged. The term of imprisonment fixed by the section of the Criminal Code relating to the crime of which the prisoner stands convicted is read into every judgment, but it is necessary to state in the judgment the name of the crime, or so describe it that it can be identified by the warden. *People* v. *Wood,* 318 Ill. 388.

Where, as here, the defendant had the right to enter a plea of guilty to the indictment charging him with the crime of armed robbery and the further right to either admit, or not admit, the prior convictions alleged in the indictment, there should be either a finding of the court as to the prior convictions or the judgment should show that the defendant pleaded guilty to such prior convictions. In this state of the record we do not think this judgment is sufficient to support the sentence under the Habitual Criminal Act. In the absence of any finding in the judgment that the defendant had been previously convicted or that he admitted such prior convictions, the court erred in sentencing him under the Habitual Criminal Act. This conclusion makes it unnecessary to consider any other

questions raised or argued either by the plaintiff in error or on behalf of the People. In reaching this conclusion, we are not unmindful of the rule that a plea of guilty constitutes an admission of every fact alleged in the indictment. (*People* v. *Denning,* 372 Ill. 549.) This rule, however, should be limited to facts alleged which constitute an ingredient of the offense charged. Where the offense charged is subject to varying degrees of punishment, dependent upon whether there has been a prior conviction, a general plea or finding of guilty, without a specific plea or finding that the accused had theretofore been convicted of one of the offenses enumerated in the Habitual Criminal Act, must be treated as an acquittal of the charge of prior conviction. (*People* v. *Jabine,* 324 Ill. 55.) Under the record in this case we do not think the conclusion reached is in conflict with *People* v. *Lawrence,* 314 Ill. 292, which is cited and relied upon by the People.

The judgment shows that plaintiff in error was properly arraigned and entered a plea of guilty to the indictment charging him with armed robbery. The judgment is not sufficient either to show a plea of guilty, or a finding, as to the prior convictions alleged in the indictment. A proper judgment was entered showing a plea of guilty to armed robbery, as charged in the indictment. The error intervened in imposing the sentence under the Habitual Criminal Act without a plea, or finding, as to the matter alleged in aggravation. In such case the judgment will be reversed and the cause remanded for a proper sentence. *People* v. *Sharp,* 384 Ill. 503; *People* v. *Montana,* 380 Ill. 596.

The judgment is reversed. The cause is remanded to the circuit court of Effingham county with leave given to the State's Attorney to move the court for the entry of a proper sentence and with directions to the court to allow such motion and resentence plaintiff in error for the crime of armed robbery for the term fixed by statute.

*Reversed and remanded, with directions.*