The People *ex rel.* Larry Dean Willis, Defendant-Appellant, *v.* Elza Brantley, Warden, Illinois State Penitentiary at Menard, Plaintiff-Appellee.

(No. 72-120; )

Fifth District—July 12, 1972.

Larry Dean Willis, *pro se.*

William J. Scott, Attorney General, of Springfield, and Don P. Koeneman, State's Attorney, of Chester, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The Appellant, Larry Dean Willis, was convicted of theft in November, 1965, and sentenced to a term of one to ten years in the penitentiary. In September, 1967, he was convicted of escape and sentenced to a term of three to five years, said sentence to be consecutive to the theft conviction then being served. In December, 1970, a judgment denying post-conviction relief on the theft charge was reversed by the Supreme Court, and the cause was remanded to the Circuit Court of Douglas County for further proceedings. On March 22, 1971, Appellant was discharged from the theft confinement by order of the Parole and Pardon Board and ordered to commence service of the sentence for escape.

In May, 1971, the theft conviction was reversed in the Circuit Court; the case was subsequently dismissed for lack of evidence on motion of the State's Attorney.

The case is here on appeal from denial of the appellant's petition for a writ of *habeas corpus.*

Two issues are presented:

1. Does the Parole Board's discharge of the appellant from the theft sentence render the subsequent reversal of that conviction moot, for purposes of this appeal?

2. Where the first of two consecutive sentences is reversed and charges dismissed, does the second sentence run from the date of its imposition or from the date of reversal or discharge of the first sentence?

■■ Although discharge of sentence upon completion of parole conditions may render moot so much of the subsequent reversal of the conviction and sentence as pertains to release from confinement on the sentence reversed, such discharge obviously does not fully dispose of issues involving other consequences of the conviction and confinement. (See, *e.g., Tucker v. Peyton* (4th Cir., 1966), 357 F.2d 115.) One such issue is raised in the case at bar.

In clarifying the actual issue, it may be helpful to explain what similar issues are not considered here.

There is no question of "banking" time for credit toward sentences arising from subsequent offenses. The sentence presently being served was imposed prior to expiration or reversal of the invalid previous sentence. Appellant does not contend that he is due credit on his escape sentence for time served prior to the imposition of that sentence. Compare *Miller v. Cox* (4th Cir., 1971), 443 F.2d 1019, 1021; and *Martin v. Page* (Okla., 1971), 484 P.2d 1319, 1321 with *Meadows v. Blackwell* (5th Cir., 1970), 433 F.2d 1298 and *Lamb v. Page* (Okla. App., 1971), 482 P.2d 615.

The Appellant does not allege that reversal of the first of two consecutive sentences bars the commencement of the second, invalidates it, or renders its term fatally uncertain. *Cf., Blitz v. U.S.* (1893), 153 U.S. 308; *U.S. v. Carpenter* (9th Cir., 1970), 151 F. 214, 216; *Kite v. Commonwealth*, 11 Met. (Mass.) 581.

■■ Appellant contends that a reversal of the prior conviction voids it *ab initio* for purposes of determining the commencement of a succeeding sentence, and that the escape sentence would therefore run from the date of imposition. The State argues that the prior sentence is merely voidable and is effective to postpone commencement of a subsequent sentence until either discharged or reversed. We agree with appellant.

This is a case of first impression in the State of Illinois; however, there are a number of cases in other jurisdictions deciding similar issues. The bulk of cases involving reversal of prior sentences in a series deal with consecutive sentences imposed simultaneously. Of these cases, the

overwhelming majority have held that the succeeding sentence runs from the time at which the sentence reversed actually commenced or would have commenced. (See, *e.g.*, *U.S. v. Blitz, supra; U.S. v. Carpenter, supra; ex parte Sargood,* 83 A. 18 (Vermont, 1912); *ex parte Jackson,* 8 S.W. 800 (Mo., 1888).) *Smith v. Lovell,* 77 A.2d 575, on which appellee relies, proposes that only where the court imposing sentence lacks jurisdiction will the conviction be void *ab initio;* otherwise the conviction would be merely voidable and the running of a subsequent sentence can be accelerated only to the date of reversal of the next prior sentence.

We find the arguments in *Smith* unpersuasive, as the void-voidable distinction drawn there is supported only by an apparent misinterpretation of statements in *U.S. v. Blitz, supra; Kite v. Commonwealth, supra,* and other cases dealing with the validity or uncertainty of term of consecutive sentences. (Compare the treatment in *Brown v. Commissioner of Corrections* (Mass., 1957), 147 N.E.2d 782, 785 and in *ex parte Sargood, supra.*) In any event, we are not bound by *Smith.*

*Stidham v. Sowers* (1971), 260 La. 200, 255 So.2d 740 and *Brown v. Commissioner of Corrections, supra,* present a good synopsis of the cases in this area. In *Stidham,* the Louisiana Court dealt with facts and issues substantially identical to those in the case at bar and held that the consecutive sentence runs from the day of its imposition where the prior sentence has been reversed. *Brown* arrived at a similar result.

Where, as here, appellant's prior conviction was reversed and the State has declined to retry the case, and where appellant could have been serving a validly imposed second sentence but for the service of the invalid sentence, justice requires that the second sentence be deemed to run from the date of its imposition. To hold otherwise in this case would be to require appellant to serve 6½ to 8½ years from the date of imposition of a 3 to 5 year term, when no other valid sentence is outstanding.

We hold, accordingly, that appellant's sentence for escape commenced on September 5, 1967, the date of its imposition. As indicated above, our so holding does not indicate approval of any theory of "banking time."

Although it is probable that appellant has served his maximum sentence, we can not ascertain this fact from the record since the record does not show whether or not he is entitled to good time credit. Under these circumstances it was proper to deny the writ of *habeas corpus* and we therefore affirm.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.