THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICK J. BUCKLEY, Defendant-Appellant.

Second District (2nd Division)   No. 75-381

Opinion filed January 5, 1977.

Ralph Ruebner and Michael Mulder, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Martin P. Moltz and Phyllis J. Perko, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Defendant was convicted by a jury of armed robbery and sentenced to a term of 10 to 20 years to be served concurrently with a sentence

imposed on an earlier conviction for indecent liberties with a minor. The issues presented on appeal by defendant are (1) whether the State's identification testimony was sufficient to prove the defendant guilty beyond a reasonable doubt, and (2) whether the sentence is excessive.

■■ From our examination of the record we conclude that the identification testimony was sufficient, based on the totality of the evidence, to identify the defendant as the person who committed the armed robbery. The two witnesses who observed the defendant at close range in a brightly lighted restaurant for about 15 minutes during the commission of the robbery testified in detail as to the robber's physical appearance and his attire. They made an in-court identification of the defendant. Within 24 hours after the robbery each of the two witnesses had separately pointed to defendant's photograph (in a six-picture photographic display) as the robber. Even though their photograph identification was not "positive" it was sufficiently certain, especially when considered with their in-court identification of the defendant, to prove him guilty beyond a reasonable doubt.

■■ Defendant's armed robbery offense was committed after his conviction of the offense of indecent liberties with a minor, and before the sentencing hearing on that conviction at which he was sentenced to 6 to 12 years. The latter conviction, as well as the rest of defendant's convictions for other offenses, was included in the presentence report and was referred to by the prosecution at the time of the sentencing hearing. The trial court thus obviously considered the indecent liberties conviction in pronouncing sentence. During the pendency of this appeal we reversed the defendant's conviction on the indecent liberties charge and remanded that case for a new trial (*People v. Buckley* (1976), 43 Ill. App. 3d 53). Even though, because of the background information contained in the presentence report (excluding the indecent liberties conviction), the sentence given may have been warranted, we are of the opinion that the case should be remanded for reconsideration of the defendant's sentence. *United States v. Tucker* (1972), 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589; *People v. Chellew* (1974), 20 Ill. App. 3d 963, 964.

It is therefore ordered that the conviction of the defendant is affirmed and the cause is remanded to the trial court for reconsideration of the defendant's sentence.

Judgment affirmed; remanded for resentencing.

GUILD, P. J., and SEIDENFELD, J., concur.