THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD HENDERSON, Defendant-Appellant.

Third District    Nos. 80-175, 80-238 cons.

Opinion filed April 22, 1981.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.


Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Ronald Henderson, was indicted for theft on October 16, 1979, and for robbery and armed robbery on February 12, 1980. After separate jury trials in the circuit court of Peoria County, defendant was convicted of theft and robbery and sentenced to consecutive terms of 3½ and 7 years in the Department of Corrections. In this consolidated appeal, defendant contends (1) that the trial court erred in not granting a directed verdict in his favor as the circumstantial evidence of theft failed to exclude every reasonable hypothesis of innocence; (2) that it was prejudicial error to admit into evidence an adopted statement by his alleged accomplice in the theft; and (3) that in the event the theft conviction is reversed, the robbery cause must be remanded for a new sentencing hearing. In view of defendant's contentions, we shall recite only those facts relating to the theft cause.

Between 9 and 9:30 a.m. on September 29, 1979, Alan Ahl exited from the rear entrance of the Service Center in Peoria, where he was employed, and headed for the rear door of Stein Hardware and Supply Company, which was 20 to 30 feet across a parking lot. As he entered the store, he saw a man carrying a boxed snowblower and a second man getting out of a brown Chevrolet and opening its trunk. When Ahl encountered William Sprenger, a store salesman, and mentioned what he had seen, Sprenger ran out the back door and saw two men in a tan Chevrolet backing out of a parking place in the rear lot. After confirming the vehicle was the one that Ahl had noticed, Sprenger ran to his car and pursued the Chevrolet.

After Sprenger followed the vehicle for a time, it stopped and its passenger exited and walked back to Sprenger's automobile and asked what he wanted. When Sprenger replied that he wanted the snowblower,

the passenger waved his hand and returned to the Chevrolet, which continued its journey. Four or five blocks later, the Chevrolet stopped at a hole with barricades around it and the passenger again exited. Sprenger then pulled behind the pursued vehicle to block it and the driver backed the Chevrolet into him, whereupon the passenger opened Sprenger's door and made a vulgar threat in the event the vehicle would be damaged.

Officer Richard Gamble was on patrol that morning and noticed two automobiles in some sort of confrontation. He heard Sprenger honk his horn and blocked the Chevrolet as it again attempted to pull away, whereupon the passenger fled. After hearing Sprenger's explanation of the incident, the driver of the blocked vehicle, Ricky Hurt, was arrested. Ahl subsequently identified both driver and automobile, and Gamble found defendant's wallet on the vehicle's console. A subsequent search revealed two snowblowers in sealed boxes from Stein Hardware, and Officer Craig Ganda took fingerprints from the boxes as well as the Chevrolet. Ganda, who was stipulated as an expert at fingerprint identification, found one of defendant's prints, in his opinion less than one day old, on one of the boxes.

Defendant claimed he occasionally shopped at Stein Hardware and would sometimes enter through the back door and pass through the crowded basement area to get to the stairway. In this manner, he explained that he may have touched a snowblower box when he may have been in the store the previous day. Hurt testified that defendant was not his passenger, and that defendant left his wallet in the subject automobile on the previous Wednesday, when the two men went out together. Gamble was unable to identify defendant as the fleeing passenger, and Ahl and Sprenger were barred from offering any identification testimony at trial.

■■ Turning to defendant's first contention that an acquittal should have been directed, we note the standard governing such direction is that the evidence be insufficient to support a finding or verdict of guilty. (Ill. Rev. Stat. 1977, ch. 38, par. 115—4(k).) Thus, a directed verdict of not guilty is proper when the evidence adduced by the State, when viewed in a manner most favorable to the State, fails to establish a defendant's guilt beyond a reasonable doubt. (*People v. McCord* (1977), 46 Ill. App. 3d 389, 361 N.E.2d 13, *appeal denied* (1978), 67 Ill. 2d 594; *People v. West* (1973), 13 Ill. App. 3d 550, 300 N.E.2d 808; accord, *People v. Tibbs* (1978), 57 Ill. App. 3d 1007, 373 N.E.2d 624, *appeal denied* (1978), 71 Ill. 2d 605.) In the case at bar, the State's evidence was wholly circumstantial. A conviction may be sustained upon circumstantial as well as direct evidence, it being necessary only that the proof of circumstances be of a conclusive nature and tendency leaning, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the

accused and no one else committed the crime. *Cf. People v. Williams* (1977), 66 Ill. 2d 478, 363 N.E.2d 801 (jury verdict).

■■ Viewing the evidence in a manner most favorable to the State, we first note that defendant's fingerprint was found on one of the boxes conclusively established to have been stolen from Stein Hardware; moreover, the age of the print corresponded with the time of the theft. Defendant's assertion that he may have touched the box when he may have been in the store the day before the crime, when viewed from the mandated perspective, constitutes a rather remote possibility. We also note the presence of defendant's wallet in the subject vehicle as a second implicating factor. The subsequent explanation that defendant had left the wallet in the automobile three days before the crime and had not thereafter retrieved it is, under the same perspective, similarly remote. We therefore find no error in the trial court's denial of defendant's motion for directed verdict.

■■ Turning to defendant's second contention that he was prejudiced by the admission of the adopted statement, we first note that the State contends that this assignment of error has been waived. The State premises its contention on the fact that defendant's trial and post-trial objections to the admission of the statement were based on hearsay grounds and that no limiting instruction was requested. As a codefendant's confession is hearsay as to other defendants (*cf. People v. Tyner* (1964), 30 Ill. 2d 101, 195 N.E.2d 675 (no severance)) and the lack of a limiting instruction is not determinative in our view of this cause, we find no waiver and shall address this assignment of error.

While it has long been the rule in Illinois that a codefendant's or accomplice's confession or admission is generally inadmissible as evidence of another defendant's guilt (*e.g., People v. Sullivan* (1978), 72 Ill. 2d 36, 377 N.E.2d 17), we are not here presented with either a confession or admission which has been admitted into evidence. During the reception of Hurt's guilty plea, the State presented a factual basis of his guilt, which was referred to at defendant's trial in the following colloquy:

"Q. Do you recall that during the plea of guilty that the State gave a factual basis for your plea of guilty?

A. I don't really understand that question.

Q. During the course of your plea of guilty on that date do you recall someone from the State's Attorney's Office giving a synopsis of what evidence in a trial would be?

A. Yes, I do.

Q. Do you recall Mr. Barra or someone from the State's Attorneys Office saying that during the course of that the car was stopped by Officer Gamble, he would testify that when he

stopped the car, Ronald Henderson, who was on the passenger side took off running. Do you recall that statement?

\* \* \*

A. Yes.

Q. Do you recall that then at the conclusion of the statement of facts that you are asked by the Court, Mr. Hurt, is this an accurate description of what happended?

A. I don't even understand what you are saying.

Q. Mr. Hurt, you listened to someone from the State's Attorneys Office relate what the facts in a trial would be, didn't you?

A. Right.

Q. And, you agreed with that statement of facts, did you not?

A. Part of it.

Q. What did you disagree with?

A. I disagree when they say that Ronald Henderson was in there with me. I disagree with that part.

Q. You stated that in open Court?

A. No, I didn't.

Q. Well, who did you disagree with about that?

A. Nobody in particular. I just disagree with it. That's why I am here in Court.

Q. You didn't tell anyone in Court on December the 10th, 1979, that wasn't accurate, did you?

\* \* \*

A. No, I didn't."

Three elements of the colloquy are noteworthy. First, Hurt was asked if he recalled someone "giving a synopsis of what evidence in a trial would be?" Second, he was asked if he recalled someone saying that an officer would say "that when he stopped the car, Ronald Henderson, who was on the passenger side took off running." Third, Hurt never testified as to his agreement with the statement of facts; rather, he testified as to his partial disagreement, although apparently voiced for the first time at trial.

Examining the first two of these elements, we note that no statement by Hurt is involved. The codefendant recalled the synopsis and the statement as to what a third person would testify but did not himself testify to the substance of these matters. The question therefore becomes whether these statements by another may be, for the purposes herein, considered statements made by Hurt.

■■ First considering whether the statements are tantamount to a confession or admission, we note the definition of these terms, though their distinction may have waned (see 14A Ill. L. & Prac. *Criminal Law* §361 (1968)):

"A confession is a voluntary acknowledgment of guilt after the perpetration of an offense, and it does not embrace mere statements or declarations of independent facts from which guilt may be inferred, while an admission is any statement or conduct from which guilt of the crime may be inferred but from which guilt does not necessarily follow. [Citations.]" (*People v. Stanton* (1959), 16 Ill. 2d 459, 466, 158 N.E.2d 47, 51.)

While a confession may be involved as Hurt voluntarily acknowledged his guilt, such does not embrace declarations of independent facts. The rule that a guilty plea constitutes an admission of every fact alleged in an indictment is limited to facts which constitute an ingredient of the offense charged. (*People v. Langford* (1946), 392 Ill. 584, 65 N.E.2d 440.) Hurt's guilty plea therefore cannot be characterized as embracing the collateral matter of his passenger's identity. As no statement was made by the codefendant, some conduct on his part is necessary to establish an admission. The State contends Hurt's failure to state his disagreement with the synopsis when he entered his guilty plea constitutes such conduct. An implied admission may arise where an accused would ordinarily deny an imputation (*People v. Bennett* (1954), 3 Ill. 2d 357, 121 N.E.2d 595) or if the statements are of such character as naturally to call for a response (see S. Gard, Illinois Evidence Manual 233 (5th ed. 1963)). We do not find the collateral matter of the identity of Hurt's passenger as being of such a character that a responsive denial would be required to void an implied admission. Therefore the lack of a statement by Hurt negates characterizing the synopsis as an admission. The lack of a statement similarly precludes characterizing the synopsis as a prior inconsistent statement.

Examining the third element of the colloquy, there is no indication of Hurt's direct assent to the synopsis. More importantly, any such assent would have been to the fact that certain evidence would have been presented. While we have found no duty on the part of the codefendant to deny the collateral matter at bar, we further note that, at most, he could have denied that the officer would testify as to defendant's being the passenger in Hurt's automobile, or that other evidence would be introduced. Any assent would thus be merely an acknowledgment of the existence of the State's case. As we have not found an admission or prior inconsistent statement to be here involved, the questioning was similarly not permissible under the aegis of impeachment. As we have previously noted, Hurt was under no duty to respond, and such a negative response would have only served to deny the State's ability to present its case.

The method of cross-examination is improper when it introduces immaterial or collateral matters and substantial prejudice results. (*People v. McCorry* (1972), 51 Ill. 2d 343, 282 N.E.2d 425.) In the case at bar, the

fact of a negative response had no bearing on an issue in controversy and was prejudicial in that it implied Hurt had previously inculpated defendant. Under these circumstances this cause must be reversed and remanded for a new trial.

■ Turning to defendant's third contention that the robbery cause must now be remanded for a new sentencing hearing, we note that an accused is entitled to a reconsideration of his sentence where the trial court, in imposing the sentence, considered a prior conviction which was later reversed. (*People v. Beyah* (1979), 72 Ill. App. 3d 690, 391 N.E.2d 96; *People v. Buckley* (1977), 44 Ill. App. 3d 1038, 358 N.E.2d 1327; *People v. Chellew* (1974), 20 Ill. App. 3d 963, 313 N.E.2d 284.) We therefore remand the robbery cause to the trial court for a new sentencing hearing, with the court directed to impose the new sentence, if any, retroactive to the prior imposition of sentence on May 16, 1980. *Cf. People ex rel. Willis v. Brantley* (1972), 6 Ill. App. 3d 645, 285 N.E.2d 571 (State dismissed cause for lack of evidence).

Accordingly, the judgment of the circuit court of Peoria County in the theft cause (No. 79-CF-4587) is reversed and remanded for a new trial. Defendant's conviction of robbery in cause (No. 80-CF-407) is affirmed, but the sentence imposed thereon is vacated, and the case is remanded to the circuit court of Peoria County for resentencing.

Affirmed in part, reversed in part and remanded.

SCOTT, P. J., and ALLOY, J., concur.