THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH COTY, Defendant-Appellant.

First District (2nd Division)    No. 80-1249

Opinion filed March 30, 1982.

James J. Doherty, Public Defender, of Chicago (Karen A. Popek, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Ruth Stern Geis, and James B. Koch, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant appeals his conviction by a jury of aggravated battery. He raises as issues whether: the court improperly considered a prior conviction of defendant's, subsequently reversed, in determining defendant's

sentence; defendant was improperly impeached by a subsequently reversed conviction; and the trial court erred in restricting defendant's cross-examination of the complaining witness and her mother.

On October 19, 1979, defendant was arrested and charged with aggravated battery of Rowena Green, his girlfriend for the previous 3 years and the mother of their 1-year-old son. Evidence was produced by the State which revealed, beyond a reasonable doubt, that a confrontation took place between defendant and Rowena with respect to whether they were to continue their relationship or not, Rowena claiming that she advised him that she did not want to see him again, which culminated in his having struck her numerous times in the face with his fists, knocked her to the ground and kicked her. The beating lasted from 3 to 5 minutes. Rowena, who was taken to a hospital where she was treated by a physician, sustained injuries which, by stipulation, were described as having included: a swollen right eye which she was unable to open, cuts above and below the eye, a cerebral concussion, and bruises of her face and hands.

Defendant's evidence sought to place the cause of the argument upon Rowena's refusal to allow him to search for and remove his belongings from her home. The injuries, defendant claimed, resulted from her having fallen against a door and a stove during a struggle over his clothing indoors, and at a later altercation outside. He claimed that he received burns from Rowena's having thrown a pot of hot water at him; however, no burn markings were apparent to a doctor who later examined him at the hospital.

After the defense rested, the State in rebuttal was permitted to have admitted into evidence, over defendant's objection on the basis of their prejudicial effect, the certified statements of two prior convictions of defendant. The first conviction was a plea of guilty to robbery on May 12, 1977, for which defendant was sentenced to 3 years' probation, with the first 30 days to be served in the Cook County jail. The second conviction was a finding of guilty of theft in a bench trial on April 20, 1979, for which defendant was sentenced to a term of 2 years. In its closing argument, the State made references to defendant's prior convictions. After deliberation, the jury found defendant guilty of aggravated battery.

At the subsequent sentencing hearing, the court denied defendant's motion for a new trial. Arguments in aggravation and mitigation were presented. The court, specifically noting that defendant had been to the penitentiary and had not been rehabilitated, sentenced defendant to a term of 4 years.

At the time of defendant's trial and sentencing hearing in the instant case, April 8, 9, and 23, 1980, there was pending in the Appellate Court of Illinois an appeal of the defendant's 1979 conviction for theft, which had

been admitted at trial. Notice of appeal of that conviction had been filed on May 4, 1979. The State confessed error in that appeal noting that defendant had been indicted for robbery but had been convicted of theft, which a recent case held could not be considered a lesser included offense. (*People v. Kimble* (1980), 90 Ill. App. 3d 999, 414 N.E.2d 135.) On December 1, 1981, defendant's 1979 conviction was reversed and the indictment dismissed by an unpublished administrative order.

## I

■■ Defendant first argues that this cause should be remanded for a new sentencing hearing since his 1979 conviction, which has since been reversed, was cited by the State during the sentencing hearing, and taken into consideration by the trial court in determining the sentence to be imposed. A defendant is entitled to a new sentencing hearing where, as here, a trial court, in imposing sentence, considered a conviction which was subsequently reversed, even where the sentence imposed may have been otherwise warranted. (*People v. Henderson* (1981), 95 Ill. App. 3d 291, 419 N.E.2d 1262; *People v. Beyah* (1979), 72 Ill. App. 3d 690, 391 N.E.2d 96; *People v. Buckley* (1977), 44 Ill. App. 3d 1038, 358 N.E.2d 1327.) Accordingly, defendant's sentence must be vacated and a new sentencing hearing convened.

## II

■■ Defendant next argues that the court erred in allowing impeachment of defendant by admission of a prior conviction which was then on appeal and has been subsequently reversed. Defendant recognizes the general rule that a prior conviction is admissible for impeachment purposes despite the pendency of its appeal (*People v. Bey* (1969), 42 Ill. 2d 139, 246 N.E.2d 287),[1] but argues that the rule does not apply to a subsequently reversed conviction. He states that although in *People v. Barney* (1967), 89 Ill. App. 2d 180, 232 N.E.2d 481, the reviewing court approved the use of a prior conviction for impeachment which was on appeal at trial but subsequently reversed, the court there simply applied the general rule and did not specifically consider the fact that the conviction was reversed after trial. The appellate court in *People v. Miller* (1975), 27 Ill. App. 3d 788, 327 N.E.2d 253, also held proper the admission of a conviction which was reversed subsequent to trial. There the impeaching conviction was reversed and remanded for a new trial because of the admission of evidence which was illegally seized. We find no basis upon which to reverse under the foregoing authorities. Significantly, defendant here

---

. [1] And see *People v. Montgomery* (1971), 47 Ill. 2d 510, 517, 268 N.E.2d 695, which adopted Proposed Rule 609(e) of the Federal Rules of Evidence, which provided that the fact that a conviction is on appeal is not a factor which affects its admissibility.

made reference during direct examination to his having been out on a work-release program during the occurrence of the incident for which he was on trial. His participation in that program was a result of the reversed conviction. This reference was made before the defense moved to prevent admission of his conviction. Therefore, any damage done to defendant's credibility was initiated by defendant himself.

### III

■■ ■ Defendant next argues that the court improperly restricted his cross-examination of Rowena and her mother. During defense counsel's cross-examination of both Rowena Green and her mother, Gloria Green, sidebar discussions were held in regard to the State's objection to any questions by defense counsel relevant to Rowena's reluctance to testify and her motive for testifying. Specifically, defense counsel sought to ask Rowena whether she had told defense counsel prior to trial that she did not wish to testify against defendant. Defense counsel added that "there may be a question" as to whether her mother had told her that she would be thrown out of her mother's home if she did not testify against Joseph Coty. Defense counsel sought to question both Rowena and her mother accordingly. The trial court sustained the State's objection in each case, noting that had defendant sought to elicit testimony showing that Rowena was coerced into testifying falsely against defendant, such cross-examination would have been relevant and would have been allowed. Generally, " 'the latitude to be allowed in cross-examination of witnesses rests largely in the discretion of the trial court. * * * and it is only in a case of clear abuse of such discretion, resulting in manifest prejudice to the defendant, that a reviewing court will interfere.' " (*People v. Peter* (1973), 55 Ill. 2d 443, 451-52, 303 N.E.2d 398.) Although, in the instant proceedings, cross-examination regarding Rowena's mother's influence upon Rowena's decision to testify at all could have possibly led to evidence of bias, defense counsel declined to pursue directly the question of whether the mother forced Rowena to testify falsely or "to say certain things," as the trial court suggested, although ample opportunity was afforded counsel in some 50 pages of transcript covering cross-examination of both Rowena and her mother. In such circumstances, we find no clear abuse of the trial court's discretion. *People v. Peter*; *People v. Hinson* (1979), 70 Ill. App. 3d 880, 888, 388 N.E.2d 899.

For the foregoing reasons, we cannot disturb the jury's conviction of defendant for aggravated battery, and the same will be affirmed. We must vacate the sentence imposed, however, and remand for a new sentencing hearing.

Affirmed and remanded.

DOWNING and PERLIN, JJ., concur.