THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON FORREST, Defendant-Appellant.

Second District   Nos. 2—90—1082, 2—90—1086 cons.

Opinion filed June 10, 1992.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, Marshall M. Stevens, and Martin P. Moltz, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

In August 1990, defendant, Jason Forrest, entered a guilty plea to the offense of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) and theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1). He was sentenced to concurrent terms of seven years for the burglary conviction and five years for the theft conviction. The sole issue presented on this appeal is whether defendant is entitled to a new sentencing hearing because the trial judge considered a prior adjudication of delinquency which was later reversed on appeal. We affirm.

In April 1990, defendant was charged by complaint with the offense of possession of burglary tools (Ill. Rev. Stat. 1989, ch. 38, par. 19—2(a)), possession of stolen property (Ill. Rev. Stat. 1989, ch. 38, par. 15—6) and residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3(a)). An indictment relating to the residential burglary charge was subsequently filed. Two additional charges of residential burglary were filed against defendant.

On July 10, 1990, the parties stated in court that a plea negotiation had been agreed upon. Defendant would plead guilty to a reduced charge of burglary in one case and to a reduced charge of felony theft in another. In return, the State agreed that no consecutive or extended term would be sought and that a remaining charge would be dismissed. The trial judge admonished defendant pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402) of the rights he was waiving by pleading guilty. The court also found a factual basis for defendant's guilty pleas which established that defendant committed the offense of theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1) by taking over $300 worth of jewelry and coins from Kent Gallimore and that he committed the offense of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) by entering the home of Glen Longshore in Lake Villa without authority and with intent to commit a theft.

At the sentencing hearing held on August 21, 1990, the court considered defendant's presentence investigation report. Defendant was 17 years old, and the two convictions at issue were his only convictions as an adult. The presentence report listed seven incidents on defendant's juvenile record. The most recent adjudication of delinquency was for a probation violation which resulted in his commit-

ment to the Juvenile Division of the Department of Corrections. That order of adjudication and commitment was later reversed on appeal by this court because defendant's parents were not notified of the petition to revoke his probation. *In re J.A.F.* (2d Dist. April 15, 1991), No. 2—89—0451 (unpublished order under Supreme Court Rule 23).

The trial court in the instant case imposed concurrent terms of seven years' imprisonment for defendant's burglary conviction and five years for his theft conviction. His motion to reconsider his sentence was heard on September 20, 1990, and denied. Defendant filed timely notices of appeal to his convictions for burglary and theft, which this court ordered to be consolidated on March 7, 1991.

Defendant argues on appeal that he is entitled to a new sentencing hearing because the trial judge considered the prior adjudication of delinquency which we later reversed on appeal. Defendant argues that the prior juvenile adjudication constitutes the most recent and one of the most serious components of his criminal record presented to and considered by the trial court. He contends that since that particular adjudication was reversed, his juvenile record is now less serious than that which was before the trial court at sentencing. As authority for the proposition that he is entitled to reconsideration of his sentence since the trial court considered the prior adjudication which was later reversed, defendant cites *People v. Coty* (1982), 105 Ill. App. 3d 398, and *People v. Reynolds* (1982), 105 Ill. App. 3d 698.

The State responds with three arguments, one of which we find dispositive. The State argues that even if the trial judge incorrectly considered an improper aggravating fact, the error is harmless where it is clear from the record that the weight placed upon the improperly considered factor was so insignificant that it did not lead to a greater sentence, citing *People v. Bourke* (1983), 96 Ill. 2d 327, 332-33.

Our review of the record leads us to agree with the State that defendant's lengthy juvenile record renders whatever reliance the trial court placed on his most recent juvenile adjudication, which we later reversed, to be harmless error. We are cognizant of the fact that defendant received maximum terms for both the burglary conviction, seven years (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(5) (for a Class 2 felony, the sentence shall be not less than three years and not more than seven years)), and the theft conviction, five years (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(6) (for a Class 3 felony, the sentence shall be not less than two years and not more than five years)). However, defendant, almost 18 years of age at the time of sentencing in 1990, has a lengthy juvenile record dating back to 1984 and covering three States.

In August 1984, when defendant was almost 12, he was arrested in Silver Lake, Wisconsin, for criminal damage to property and placed on probation. In December 1985, when defendant was 13, he was arrested in Pleasant Prairie, Wisconsin, for theft from an automobile and again placed on supervision. Four months later, defendant was arrested in Kenosha County, Wisconsin, for his involvement in operating a motor vehicle without the owner's consent, impersonating a police officer and making false alarms. Defendant was thereafter committed to the Wisconsin Department of Corrections. In January 1987, defendant was arrested in Lake County, Illinois, for criminal damage to property, residential burglary and theft. He was placed on juvenile probation until June 1988. In April 1987, defendant was arrested in Florida on five counts of burglary and one count of grand theft. After violating his subsequent juvenile probation, defendant was committed to the Florida Department of Corrections. In July 1987, defendant was arrested in Elk Grove, Illinois, for criminal damage to property, for which he received a 30-day juvenile detention. Finally, in September 1987, defendant was arrested in Round Lake Beach, Illinois, for criminal trespass to a motor vehicle and disorderly conduct. On December 7, 1987, defendant was placed on 20 months of juvenile probation and also ordered into residential placement at the Ladd Lake juvenile treatment program. In March 1989, defendant was found to have violated his probation by leaving the Ladd Lake facility in December 1987 and was committed to the Illinois Department of Corrections.

Our reversal of the latter juvenile adjudication, because defendant's parents were not notified of the petition to revoke his probation (*In re J.A.F.* (2d Dist. April 15, 1991) No. 2—89—0451 (unpublished order under Supreme Court Rule 23)), is what defendant bases his argument for a new sentencing hearing on. Given defendant's six other encounters with the juvenile justice system, we determine that any reliance by the trial judge on defendant's last adjudication was harmless error. We also note that we reversed that last adjudication on technical grounds, rather than on the basis of the weight of the evidence. We conclude that there is no reason to remand for a new sentencing hearing.

Cases invoked by defendant in support of his argument are inapposite to our conclusion. In both *People v. Coty* (1982), 105 Ill. App. 3d 398, and *People v. Reynolds* (1982), 105 Ill. App. 3d 698, the court remanded the case for a new sentencing hearing because the trial judge considered a prior conviction which was later reversed. (*Coty*, 105 Ill. App. 3d at 400; *Reynolds*, 105 Ill. App. 3d at 705.) The State

correctly notes that in *People v. Jackson* (1990), 200 Ill. App. 3d 92, this court rejected earlier case law requiring a remand whenever a trial judge relied on evidence of an offense for which defendant was subsequently acquitted. (*Jackson*, 200 Ill. App. 3d at 97-99.) *Jackson* therefore distinguishes the two cases relied on by defendant.

For the above reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

DUNN and DOYLE, JJ., concur.