THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES HAMILTON, a/k/a Henry Hamilton, Defendant-Appellant.

Fourth District   Nos. 15537, 15538 cons.

Opinion filed February 29, 1980.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Gary J. Anderson and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

In this consolidated appeal, we are concerned with the following convictions of defendant Charles Hamilton and the concurrent sentences of imprisonment imposed thereon: 30 years each for rape and deviate

sexual assault; extended terms of 60 years each for rape and deviate sexual assault; 15 years for attempt rape; 7 years for each of three convictions for burglary; and 5 years for each of two convictions of aggravated battery. These convictions were entered in three trials in the circuit court of Macon County and the sentences imposed in a joint sentencing hearing.

First, in a jury trial held January 17, 1979, in Macon County case No. 78-CF-527 (our case No. 15538), defendant was convicted of the attempt rape and aggravated battery of a young woman which occurred October 3, 1978, on a stairway in the city parking garage in downtown Decatur. Defendant does not contest the sufficiency of the evidence of which those convictions were based.

Then, in a jury trial on March 21, 1979, in Macon County case No. 79-CF-86 (our case No. 15537), defendant was convicted of the burglary of a Decatur day-care center and the rape and deviate sexual assault of a teacher there. Evidence was presented that at about 10:30 p.m. on January 29, 1979, defendant gained admittance to the center on the pretext that he had come to pick up a child for its mother. Once inside, defendant grabbed the teacher and led her into the bathroom where he forced her to perform fellatio and engage in sexual intercourse.

At trial, the complaining witness identified defendant as the man who attacked her and also identified a coat owned by defendant as definitely the one worn by her attacker. She further testified that a stocking cap shown to be owned by defendant was the same type of cap worn by the man who attacked her. Defendant testified that he had been at his girlfriend's house from around 11 a.m. until about 11:45 p.m. on January 29, 1979. This was corroborated in full by the testimony of his girlfriend and in part by that of her mother and sister.

Defendant contends that he was not proved guilty beyond a reasonable doubt because his identification by the complaining witness was not clear and convincing and did not overcome his alibi defense. He argues that her identification of him at trial was weakened (1) by discrepancies between her description of the clothing worn by her attacker and the coat and cap she identified at trial, (2) by her failure to give police a physical description of her attacker, and (3) because she positively identified defendant only after viewing two sets of pictures (a different picture of defendant appeared in each set) and seeing defendant in a lineup. Earlier, she had selected another man's photo from a set of pictures as having facial features similar to her attacker, but later after seeing the man in a lineup concluded he was not the culprit.

None of these arguments requires us to rule as a matter of law that her identification of defendant at trial was insufficient to overcome his alibi defense. Any discrepancies in her description of the clothing were minor. Her inability to describe any particular physical feature

of her attacker does not destroy the credibility of her identification (see *People v. McCall* (1963), 29 Ill. 2d 292, 194 N.E.2d 222). Her hesitation in positively identifying defendant does not necessarily show an inability to do so but might as likely show a desire not to identify the wrong man. All of these things were matters for the jury to consider in determining the credibility of this witness, but did not require an acquittal. *People v. Harrison* (1978), 57 Ill. App. 3d 9, 372 N.E.2d 915.

Next, with respect to the March 21 trial, defendant contends that the court abused its discretion when it allowed the State to impeach him with his January 17, 1979, convictions for attempt rape and aggravated battery. He argues that the probative value of those convictions was slight because they did not directly bear on dishonesty, whereas their prejudicial effect was great due to their similarity to the offense for which he was being tried.

■■ Although the members of this court are not unanimously in agreement that the doctrine of *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E. 2d 695, permits impeachment of a defendant in a criminal case by evidence of his timely previous commission of a felony not directly related to dishonesty, a majority of each panel passing upon the question has always so held. (*People v. Warfel* (1979), 67 Ill. App. 3d 620, 385 N.E.2d 175; *People v. Guthrie* (1978), 60 Ill. App. 3d 293, 376 N.E.2d 425; *People v. Wright* (1977), 51 Ill. App. 3d 461, 366 N.E.2d 1058.) The similarity between the offenses for which the defendant was convicted and that for which he was on trial undoubtedly prejudiced him because of the likelihood that the jury would not limit their consideration to the issue of the defendant's veracity. On the other hand, *Montgomery* indicated that the more recent the conviction, the greater value it has for impeachment. Here the convictions were recent. The trial judge balanced the impeachment value of the convictions against the prejudice to the defendant. We do not deem that a breach of the requirements of *Montgomery* resulted from the admission of the evidence.

In a bench trial held April 20, 1979, in Macon County case No. 78-CF-527 (our case No. 15538), defendant was convicted of rape, deviate sexual assault, aggravated battery and two counts of burglary. These offenses occurred May 19, 1978, in the same city parking garage in downtown Decatur involved in the charges discussed earlier. With respect to these convictions, the State concedes that one of the burglary convictions should be reversed.

Defendant also contends that the aggravated battery conviction should be reversed because it was based on the same acts as the rape and deviate sexual assault. Multiple convictions are improper (1) where the offenses arise from the same physical act, or (2) if from multiple acts,

where some of the offenses are, by definition, included offenses of others. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) The information here charged defendant with aggravated battery in that he committed a battery while in a public place of accommodation (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(8)), but did not specify the conduct which constituted the alleged battery. Evidence was presented that prior to the rape and deviate sexual assault and in a different area of the garage, defendant reached around the complaining witness and placed his hand over her mouth. This conduct could certainly be considered a battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—3). The conviction of aggravated battery need not have been based on the same physical acts as the rape and deviate sexual assault convictions. Nor would the aggravated battery be an included offense of the others because the charge required proof of an additional element, that it occurred in a public place of accommodation.

Convictions from all three trials were consolidated for sentencing hearing. Defendant raises two issues with respect to the sentences imposed: (1) whether imposition of extended-term sentences for his April 20 convictions for rape and deviate sexual assault was proper, and (2) whether the trial court erred in imposing the maximum possible sentence for each conviction.

Section 5—8—2 of the Unified Code of Corrections provides, in part:

"Extended Term. (a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the *factors* in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present. Where the judge finds that such *factors* were present, he may sentence an offender to the following: * * *

(2) for a Class X felony, a term shall be not less than 30 years and not more that 60 years." (Emphasis added.) (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2.)

Paragraph (b) of section 5—5—3.2, referred to above, states:

"(b) the following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts; *or*

(2) When a defendant is convicted of any felony and the court

finds that the offense was accompained by exceptionally brutal or heinous behavior indicative of wanton cruelty." (Emphasis added.) Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b).

Defendant argues that because section 5—8—2(a) requires a finding that the "factors" (plural) set forth in section 5—5—3.2(b) are present, no extended-term sentence can be imposed unless *both* factors are present. The trial court here did not indicate which factor or factors it found to be present, but just stated that the extended-term provision came into effect. The first factor was clearly present because defendant had a prior conviction for rape and deviate sexual assault on March 21, 1979. At the sentencing hearing, the prosecutor argued only that factor. He did not argue and there was no indication that the court found defendant's action to be "exceptionally brutal or heinous."

■■ In dictum in *People v. Warfel* (1979), 67 Ill. App. 3d 620, 385 N.E.2d 175, we stated that the use of the disjunctive "or" in section 5—5—3.2(b) indicates that an extended term may be imposed where either one or both factors are present. We adhere to that interpretation, as has the Fifth District in *People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374.

Defendant next contends that implicit in the provisions for an extended-term sentence is the requirement that the second offense must have been committed after the first conviction or, at least, that the extended term not be applied to an offense committed prior to the one resulting in the first conviction. Here, defendant's first conviction for rape and deviate sexual assault involved offenses committed January 29, 1979. His second conviction for rape and deviate sexual assault arose out of an incident occurring May 19, 1978.

Defendant's contention is not illogical. Indeed, it is the rule in the majority of States having an enhanced sentencing statute similar to the extended-term provision at issue here. (Annot., 24 A.L.R.2d 1247 (1952).) The Appellate Court for the Fifth District has addressed this question with respect to section 408 of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1408), which provides for an enhanced penalty for narcotics offenders, using language similar to that in section 5—5—3.2(b) of the Unified Code of Corrections. In *People v. Phillips* (1978), 56 Ill. App. 3d 689, 371 N.E.2d 1214, that court ruled that section 408 applied only where the second narcotics offense was committed subsequent to conviction for an earlier narcotics offense.

■■ While the above are relevant considerations, section 5—5—3.2(b) must be construed in light of its legislative history and in conjuction with other related provisions of the same public act. The extended term provision was enacted as part of Public Act 80-1099, which was House Bill 1500 in the 80th General Assembly. The bill as originally proposed and as amended by the House permitted a court to impose an extended term on

a defendant's third or subsequent conviction if he had been convicted of at least one other Class 1 or Class 2 felony or two or more felony offenses of any type within the five years immediately preceding the *commission* of that third or subsequent offense. Thus, that provision expressly stated a requirement consistent with defendant's contention here. The Senate, however, amended the House bill, changing the language of section 5—5—3.2 to its present form (Ill. S. J., 80th Gen. Assem. 4329 (1977)). Also, the bill as amended by the Senate amendment added a provision for adjudicating and sentencing a defendant as an habitual criminal (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33B—1) and renumbered a provision, which first appeared in the House amendment, for sentencing as a Class X offender a defendant twice convicted of at least a Class 2 felony (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(c)(6)). Each of those provisions specifically states that it does not apply unless the first offense is committed after the effective date of the Act, the second offense is committed after conviction for the first, and the third offense is committed after conviction for the second.

We deem it significant that no similar requirement was included in section 5—5—3.2(b) and moreover that the similar requirement originally included in that section was removed before the bill passed. Under these circumstances, we will not judicially create such a requirement for section 5—5—3.2(b).

Defendant next contends that the extended term provision is an unconstitutional denial of equal protection because there is no rational basis for imposing a longer term on someone whose second offense is equally or less serious than the first but not on persons who subsequently commit more serious crimes.

The prior criminal record of a defendant is a proper factor to consider in sentencing, and clearly the nature of those prior offenses is a rational consideration in assessing the seriousness of that prior record. The reasonable basis for the statutory classification is that, between those persons convicted of the same offense after having been convicted of another offense, it permits giving a longer sentence (by giving an extended term) to those whose prior offense was equal to or greater than the instant one than to those whose prior offense was less than the instant one.

Finally, defendant contends that the imposition of the maximum sentence for all of the convictions was improper because it indicates a conclusion that defendant had no rehabilitative potential and the sole purpose of the maximum sentences was to protect the public. He argues that the trial court did not give sufficient consideration to several mitigating factors: (1) he was only 18 years old at the time of sentencing, (2) he planned to attend college and try for an athletic scholarship, (3) the

offenses were not committed in a brutal fashion, and (4) several character witnesses testified to his good character and lack of aggressive behavior.

Although the victims of these offenses were not severely physically injured, this type of crime often results in severe emotional trauma to the victim. Furthermore, defendant showed a serious disregard for the law when he committed a rape and deviate sexual assault shortly after he had been convicted for attempt rape and aggravated battery, and while he was released on bond pending prosecution for similar charges.

We do not find the presumption of the validity of the sentences to have been rebutted. *People v. Cox* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59, *appeal allowed* (1980), 79 Ill. 2d 627.

Accordingly, one conviction for burglary in Macon County case No. 78-CF-527 (our case No. 15538) and the sentence imposed thereon is reversed. All other convictions and sentences are affirmed. The case is remanded to that court for issuance of an amended mittimus.

Affirmed in part; reversed in part; and remanded.

MILLS, P. J., and TRAPP, J., concur.