THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH MERNEIGH, Defendant-Appellant.

Second District    Nos. 80-217, 80-805 cons.

Opinion filed November 13, 1981.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago, and J. Michael Fitz-simmons, State's Attorney, of Wheaton (Thomas E. Holum, Assistant Attorney General, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Following a jury trial, the defendant Joseph Merneigh was convicted of rape (Ill. Rev. Stat. 1973, ch. 38, par. 11—1) and deviate sexual assault (Ill. Rev. Stat. 1973, ch. 38, par. 11—3(a)) and was subsequently sentenced to concurrent terms of 20 to 60 years in the Illinois State Penitentiary.

This court affirmed the defendant's conviction on direct appeal, and a petition for leave to appeal to the Illinois Supreme Court is now pending. During the pendency of his direct appeal, the defendant filed both a petition for post-conviction relief (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) and a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72). The post-conviction petition alleged, *inter alia*, that at the original sentencing hearing the trial court had considered two prior convictions which were later reversed and that the defendant had not discovered this

fact until after the sentencing for the instant crimes. These same allegations formed the basis of defendant's section 72 petition wherein he requested that he be granted a new sentencing hearing.

At defendant's sentencing hearing, the State had presented evidence of four prior Georgia convictions and commented that these convictions and the presentence report showed the defendant's long, extensive criminal past. Certified copies of these four convictions had been admitted into evidence at a bond hearing prior to sentencing. In Georgia, defendant had pleaded guilty to the felonies of robbery in 1965 and burglary in 1971 and was found guilty after a jury trial of two misdemeanors, simple battery and filing a false report of a crime, in 1970. The misdemeanor convictions were set aside for constitutional infirmities by a Georgia Federal court in 1971 and vacated by the State court on August 8, 1978. The presentence report also revealed four additional Georgia convictions since 1959, including an additional robbery conviction in 1963.

The same trial judge, who had presided at defendant's trial and conducted the original sentencing hearing and imposed sentence on the defendant, considered and dismissed both petitions on the State's motion. Defendant appealed from the dismissal of his two petitions in this consolidated appeal.

■■ It is undisputed that it is improper for the sentencing judge to consider prior convictions subsequently reversed for constitutional flaws as aggravating factors in determining an appropriate sentence. (*United States v. Tucker* (1972), 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589; *People v. Chellew* (1974), 20 Ill. App. 3d 963.) It is also undisputed in this matter that the defendant's misdemeanor convictions in Georgia for simple battery and filing a false report of a crime were vacated and that they had been considered by the trial judge in imposing sentence at the original sentencing hearing. This court has held in *People v. Buckley* (1977), 44 Ill. App. 3d 1038, that where, as here, an invalid conviction was included in the presentence report and referred to by the prosecutor at the sentencing hearing, the trial court "obviously considered the [invalid] conviction in pronouncing sentence," and the case must be remanded for reconsideration of the defendant's sentence even if the sentence given may have been warranted because of the background information in the presentence report excluding any invalid convictions. 44 Ill. App. 3d 1038, 1039.

In this case, however, the trial judge's error in considering the prior constitutionally infirm convictions in the original sentencing hearing was brought to the attention of the same trial judge in the defendant's section 72 petition and petition for post-conviction relief. In denying the defendant's section 72 petition, the trial judge made clear that he had reviewed

his original sentence after excluding the invalid misdemeanor convictions and found the sentence imposed to be proper. The trial judge's order denying the petition stated that briefs and arguments had been presented on the issues and the court found as follows:

"[I]n view of the heinousness of the offenses, the pre-sentence report, and the two prior convictions, any additional effect of the two misdemeanor offenses on the severity of the sentence imposed would be insignificant."

Because the trial judge in the instant case did consider the impact, if any, of the invalid misdemeanor convictions on the sentences imposed, this case is distinguishable from *United States v. Tucker* and *People v. Buckley.* The "real question" in *Tucker* was whether the sentence imposed would have been different if the sentencing judge had known that two prior convictions had been unconstitutionally obtained. (404 U.S. 443, 448, 30 L. Ed. 2d 592, 597, 92 S. Ct. 589, 592.) The Supreme Court approved, remanding the cause to the District Court for resentencing without consideration of any prior invalid convictions, finding that "the [defendant's] background would have appeared in a dramatically different light at the sentencing proceeding" if the sentencing judge "had been aware of the constitutional infirmity of two of the previous convictions." 404 U.S. 443, 448, 30 L. Ed. 2d 592, 597, 92 S. Ct. 589, 592.

In *Crovedi v. United States* (7th Cir. 1975), 517 F.2d 541, the court found that in dismissing a section 2255 petition, the district court sentencing judge had applied the *Tucker* principle when he reconsidered the sentence imposed on the assumption that the prior convictions in question were to be disregarded and found that the sentence was appropriate. The *Crovedi* court found that the sentencing judge in that case was in the same position as the trial judge in *Tucker* would have been following remand and that "[a] remand for reconsideration could accomplish no more than that which [had] already occurred." (517 F.2d 541, 547.) In *Farrow v. United States* (9th Cir. 1978), 580 F.2d 1339, 1354, the Court of Appeals for the Ninth Circuit found that the sentencing judge may determine out of his own recollection whether the defendant's sentence was enhanced because of consideration of invalid prior convictions or, where the judge lacks effective recollection of his previous mental state, he may reconsider the appropriateness of sentence from a reconstruction of the record assuming the invalidity of the prior conviction. " '[T]he judge's own estimation of the deleterious impact of the prior convictions on his determination of sentence' will not be reversed absent clearly contradictory evidence in the record." 580 F.2d 1339, 1355, citing *Wilson v. United States* (9th Cir. 1976), 534 F.2d 130, 132.

■■ In the case before us, the defendant has failed to point to any evidence in the record which would indicate that the trial judge did not

clearly recall the matters which he originally took into consideration in imposing sentence on the defendant. The record does not contradict the trial judge's assertion that defendant's sentence for the instant offenses was not enhanced because of his consideration of the two prior invalid misdemeanor convictions in question at the original sentencing hearing. (See 580 F.2d 1339, 1355-56.) Therefore, the trial judge's determination that the effect of those convictions on the sentence imposed was insignificant will not be disturbed. In light of this determination, the trial judge's consideration of the two prior invalid misdemeanor convictions at the original sentencing hearing produced no substantial denial of defendant's rights under the Federal or State constitutions.

The orders of the trial court dismissing the defendant's section 72 petition and his petition for post-conviction relief are affirmed.

Affirmed.

SEIDENFELD, P. J., and REINHARD, J., concur.