(No. 55032.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIE T. SANGSTER, Appellee.

*Opinion filed June 1, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman, Deputy Director, and David E. Mannchen, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Karen Munoz, of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Following allowance of defendant's motion for change of venue from Macon County, defendant, Willie T. Sangster, was convicted by a jury in the circuit court of Champaign County of the offenses of murder, armed robbery and aggravated kidnaping and sentenced to consecutive terms, respectively, of 40, 30 and 15 years. The appellate court affirmed the convictions but vacated the sentences and remanded for resentencing. (95 Ill. App. 3d 357.) We allowed the People's petition for leave to appeal (73 Ill. 2d R. 315).

This case arises from the same occurrence involved in *People v. Lewis* (Cornelius) (1981), 88 Ill. 2d 129, and *People v. Lewis* (Bernice) (1981), 88 Ill. 2d 429. The facts are stated at length in those opinions and in the opinion of the appellate court and will be reviewed here only to the extent necessary to discuss the issues. Although defendant did not physically participate in the commission of the crimes charged, he was held accountable for what occurred. (Ill. Rev. Stat. 1977, ch. 38, par. 5—2(c).) In vacating the sentences the appellate court held that under section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(a)) accessories may not be sentenced to consecutive terms. The People contend that, because severe bodily injury resulting in death was inflicted during the commission of multiple offenses, under section 5—8—4(a) consecutive sentences may be imposed upon a defendant convicted under an accountability theory.

In his brief, defendant contends that because of trial errors his convictions cannot stand, and we shall first consider whether the alleged errors require reversal of the judgments. Defendant contends first that his convictions should be reversed because they rest upon the uncorro-

borated testimony of accomplice Maurice Farris, and upon testimony of Margaret Morgan, whose inconsistent testimony, coupled with her motives to implicate defendant, render her testimony incompetent. The appellate court has reviewed the testimony in question, and the arguments defendant makes here are thoroughly considered and discussed in its opinion. (95 Ill. App. 3d 357, 359-61.) We agree with the appellate court that it was for the jury to determine the credibility of the witnesses (*People v. Hubbard* (1973), 55 Ill. 2d 142) and that the evidence was not so implausible or improbable as to suggest a reasonable doubt of guilt. Further discussion of this issue would serve no useful purpose.

Defendant contends next that the circuit court abused its discretion in admitting into evidence a letter written by defendant to Cornelius Lewis. The letter appears verbatim in the opinion of the appellate court. (95 Ill. App. 3d 357, 362.) Defendant contends that the letter, written approximately eight months prior to the commission of the crimes charged, could be interpreted as a reference to criminal activity irrelevant to the instant offenses and that any probative value of the evidence was outweighed by its prejudicial effect. The letter was offered into evidence by the People for the purpose of showing the relationship between defendant and Cornelius Lewis. Defendant's arguments made here concerning the admissibility of the letter were thoroughly considered and discussed by the appellate court. Because the content of the letter was relevant in establishing the relationship between defendant and Lewis, and in light of the jury instruction limiting the purpose for which the evidence could be considered, we agree with the appellate court that the circuit court did not abuse its discretion in admitting the letter into evidence.

We next consider the People's argument that the ap-

pellate court erred in holding that under section 5—8—4(a) consecutive sentences could not be imposed upon a defendant found guilty under a theory of accountability. Section 5—8—4(a) provides:

"When multiple sentences of imprisonment are imposed on a defendant at the same time, *** the sentences shall run concurrently or consecutively as determined by the court. The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant· inflicted severe bodily injury, in which event the court may enter sentences to run consecutively. Sentences shall run concurrently unless otherwise specified by the court." Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(a).

In rejecting the circuit court's conclusion that under section 5—8—4(a) accomplices may be sentenced to consecutive sentences, the appellate court stated that it saw "no reason to add after the word 'defendant' in the phrase, 'and the defendant inflicted severe bodily injury' the phrase, 'or someone for whose conduct the defendant is accountable.' " (95 Ill. App. 3d 357, 364-65.) Defendant argues that section 5—8—4(a) is to be strictly construed in favor of an accused and nothing is to be taken by intendment or implication against him beyond the obvious or literal meaning of the statute. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366; *People v. Lutz* (1978), 73 Ill. 2d 204.) Defendant also argues that the language of the statute must be given its plain and ordinary meaning. *People v. Schwartz* (1976), 64 Ill. 2d 275; *People v. Moore* (1978), 69 Ill. 2d 520.

In *People v. Kessler* (1974), 57 Ill. 2d 493, 498-99, and in *People v. Hubbard* (1973), 55 Ill. 2d 142, 147-48, we quoted with approval the following statement from *People v. Armstrong* (1968), 41 Ill. 2d 390, 398-99:

"The next contention of defendants involves a request to depart from the long established common-design rule, *i.e.*, that where defendants have a common design to do an unlawful act, then whatever act any one of them does in furtherance of the common design is the act of all and all are equally guilty of whatever crime is committed. (*People v. Tarver*, 381 Ill. 411.) *** We have fully reiterated our support of this rule in recent cases, *People v. Rybka*, 16 Ill. 2d 394; *People v. Johnson*, 35 Ill. 2d 624, and we continue to do so in this case. Nor do we accept defendants' argument that the statutorily defined rules on accountability (Ill. Rev. Stat. 1965, chap. 38, par. 5—2) in any way modify or abrogate the common-design rule. This section provides that a person is legally accountable for the conduct of another when '(c) Either before or during the commission *** he solicits, aids, abets, or agrees or attempts to aid, such other person in the planning or commission of the offense.' Applying this section to this case the attempted robbery was the offense which the defendants were jointly committing and each was legally accountable for the conduct of the other. The result was murder, the killing of an individual without lawful justification while attempting or committing a forcible felony other than voluntary manslaughter. Ill. Rev. Stat. 1965, chap. 38, par. 9—1(a)(3)."

In *Kessler*, referring to section 5—2, the court said:

"We believe the statute, as it reads, means that where one aids another in the planning or commission of an offense, he is legally accountable for the conduct of the person he aids; and that the word 'conduct' encompasses any criminal act done in furtherance of the planned and intended act." (57 Ill. 2d 493, 497.)

When section 5—8—4 was amended to its present form (Pub. Act 80—1099, effective February 1, 1978) the General Assembly must be presumed to have known that the pertinent provision of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 5—2) had been so construed. (*Union Electric Co. v. Illinois Commerce Com.* (1979), 77 Ill. 2d 364.) Had the General Assembly intended that the consecutive sentencing provisions be inapplicable to a defend-

ant found guilty under section 5—2 it would have been a simple matter to provide for an exception as it did in section 9—1(b)(6)(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(b)(6)(a)).

For the reasons stated, the judgment of the appellate court, to the extent that it vacated the sentences imposed, is reversed and the judgment of the circuit court is affirmed.

*Appellate court affirmed in
part and reversed in part;
circuit court affirmed.*