(No. 55013.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. HOWARD G. FINK, Appellee.

*Opinion filed June 1, 1982.*

238

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Nancie S. Hudell, law student, of counsel), for the People.

Carl W. Kuhn and William F. Linkul, of Glen Ellyn, for appellee.

JUSTICE WARD delivered the opinion of the court:

On February 13, 1980, the defendant, Howard G. Fink, was arrested and charged in the circuit court of Du Page County with unlawful use of weapons under section 24—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(1)). The complaint charged that he "knowingly possessed a bludgeon, commonly referred to as a nitestick [sic] *** in a 1977 Pontiac *** within the corporate limits of the Village of Lombard, Du Page County, Illinois." On April 1, 1980, the defendant filed a pretrial motion to dismiss the complaint under section 114—1(a)(8) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(8)), alleging a failure to charge an offense. After a hearing, at which the nightstick was examined, the court held that it was not a bludgeon within the intendment of section 24—1(a)(1) and dismissed the complaint. The Peo-

ple appealed under Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)), and the appellate court affirmed (94 Ill. App. 3d 816). We granted the People's petition for leave to appeal (73 Ill. 2d R. 315).

The People make two contentions on this appeal: that a nightstick is a "bludgeon" within the intendment of section 24—1(a)(1), and that the circuit court, in considering the pretrial motion to dismiss the complaint, improperly went outside the face of the complaint and considered evidence in reaching its decision.

At the pretrial hearing, the defendant argued that a nightstick is not a bludgeon, which is referred to in section 24—1(a)(1) of the Criminal Code of 1961, but is a billy to which section 24—1(a)(2) refers. Section 24—1(a)(1), *inter alia,* makes it an offense simply to possess a bludgeon. Section 24—1(a)(2), *inter alia,* makes it criminal to possess a billy with the intent to use it unlawfully against another. The pertinent parts of the statute read:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> (1) Sells, manufactures, purchases, possesses or carries any bludgeon, black-jack, slung-shot, sand-club, sand-bag, metal knuckles or any knife, commonly referred to as a switchblade knife, which has a blade that opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife; or
>
> (2) Carries or possesses with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto, broken bottle or other piece of glass, stun gun or taser or any other dangerous or deadly weapon or instrument of like character." (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a).)

"Bludgeon" is not defined in the statute, and the trial court examined definitions provided in various dictionaries. They generally define a "bludgeon" as a short, heavy stick or club with one end loaded or thicker or heavier than the other. The court observed that the night-

stick taken from the defendant's car, though having a carved or knurled gripping surface on one end, did not have an end that was heavier or thicker than the other. The court dismissed the complaint.

Where the terms of a statute are not defined by the legislature, courts will assume that they were intended to have their ordinary and popularly understood meanings, unless to do so would defeat the perceived legislative intent. (*Droste v. Kerner* (1966), 34 Ill. 2d 495.) Applying this to the terms "bludgeon" and "billy," we consider that a nightstick comes within the classification "billy" in section 24—1(a)(2). Webster's Third New International Dictionary 240 (1971) defines "bludgeon" as "a short stick used as a weapon usu. having one thick, heavy or loaded end: billy." "Billy" is defined as "a heavy usu. wooden weapon for delivering blows: club; esp.: a policeman's club." (Page 216.) "Nightstick" is defined as "a policeman's club." (Page 1528.) Thus, though "nightstick" is within a broad definition of "bludgeon," the term comes within the specific definition of "billy." In construing a statute, specific words in their commonly understood sense best indicate the legislative intendment. (*People v. Holleman* (1980), 82 Ill. App. 3d 409.) The specific reference to a "billy" (or a nightstick) in section 24—1(a)(2) makes it unnecessary to determine whether section 24—1(a)(1) can be broadly construed so as to include a nightstick. Possession of a billy or a nightstick would be criminal only if accompanied by an intent to use it unlawfully against another. This was not charged. The appellate court correctly affirmed the dismissal of the complaint.

The specific inclusion of a billy in the weapons covered under section 24—1(a)(2) would hardly make sense if simple possession of a nightstick had been covered under the term "bludgeon" in the prohibitions of section 24—1(a)(1). The People suggest that the legislature, in using the term "billy," was referring to a weapon which they

describe as a "bill." The suggestion is not convincing. Bills were used only "up to the 18th" century. See Webster's Third New International Dictionary 215 (1971).

The People's contention that the trial court erred in going beyond the face of the complaint and considering evidence at the pretrial hearing on the motion to dismiss was not argued in the People's brief in the appellate court. Thus, the point has been waived (73 Ill. 2d R. 341(e)(7)) and will not be considered. (*People v. Caldwell* (1968), 39 Ill. 2d 346; see *Mueller v. Elm Park Hotel Co.* (1945), 391 Ill. 391.) In *People v. Caldwell* this court said: "The failure of a party to present an alleged error to the appellate court precludes him from now asserting that ground for our consideration in all matters which are not jurisdictional." (39 Ill. 2d 346, 354.) Under the circumstances here, the fact that the question was discussed in the dissent (94 Ill. App. 3d 816, 819-20 (Reinhard, J., dissenting)) does not affect the waiver of the contention by the People.

In any event, even if the court had improperly received evidence in weighing the defendant's motion, that fact could not validate a complaint that failed to charge an offense.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*