THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN A. KRANKEL, Defendant-Appellant.

Fourth District   No. 4—84—0577

Opinion filed March 29, 1985.

Charles G. Reynard, of Bloomington, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and Gwendolyn Klingler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

On March 1, 1982, a jury convicted defendant, John Krankel, of burglary. The court sentenced him to 14 years' imprisonment consecutive to two concurrent five-year sentences which he was then serving. (Ill. Rev. Stat. 1979, ch. 38, par. 19—1.) This is defendant's second appeal. On his first appeal he argued that (a) he was not proved guilty beyond a reasonable doubt; (b) he was denied effective assistance of counsel; (c) the trial court erred in failing to appoint counsel other than defendant's appointed counsel to argue his *pro se* motion alleging ineffective assistance of counsel; and (d) the trial court erred in sentencing.

On April 11, 1983, this court reversed and remanded for a new trial. We held that defendant was denied effective assistance of counsel when his attorney failed to investigate defendant's alibi and interview a witness. (*People v. Krankel* (1983), 113 Ill. App. 3d 992, 997, 447 N.E.2d 1379, 1383.) The dissent felt the record did not support an ineffective-assistance-of-counsel finding. (113 Ill. App. 3d 992, 997-99, 447 N.E.2d 1379, 1383-84.) We did not address defendant's other issues.

The supreme court granted the State's petition for leave to appeal. (87 Ill. 2d R. 315(a).) On May 25, 1984, the supreme court vacated the appellate court's decision and remanded with directions. It directed the trial court to appoint new counsel for defendant on his *pro se* allegations of ineffective assistance of counsel. The court stated:

> "If, after the hearing, the judge finds that the defendant did not in fact receive effective assistance of counsel based upon counsel's alleged failure to present a valid alibi defense, then he shall order a new trial. If, however, he determines that the defendant received the effective assistance of counsel, he shall deny a new trial and leave standing defendant's conviction and sentence for burglary. If the circuit court denies defendant a new trial, defendant can still appeal to the appellate court based on his assertion of ineffective assistance of counsel or the other three issues which were raised in the appellate court and in this court but were not addressed." 102 Ill. 2d 181, 189, 464 N.E.2d 1045, 1049.

On April 4, 1984, defendant filed a petition for post-conviction re-

lief. In the petition, filed by new counsel, defendant alleged his trial counsel was ineffective, his appellate counsel was ineffective, and his sentence was excessive in light of the reversal of a prior conviction, which had been considered in sentencing.

On May 1 and 8, 1984, a hearing was held on defendant's petition for post-conviction relief. On June 28, 1984, a hearing was held in accordance with the supreme court's mandate. The trial court denied defendant's motion for a new trial based upon ineffective assistance of counsel and dismissed his petition for post-conviction relief.

Defendant appeals, raising the issues brought in his original appeal. He also argues the dismissal of his post-conviction petition was improper.

We affirm.

The facts relating to defendant's original trial are succinctly set out in both the appellate and supreme court decisions. They are repeated here only as necessary for an understanding of the issues involved.

During the hearing on defendant's petition for post-conviction relief and pursuant to the supreme court's mandate, defendant stated that on July 30, 1980, from approximately 6:30 to 11:30 p.m., his van had been mired in the mud along the Illinois River near Pekin. The burglary occurred during this time. Defendant talked with a police officer who called a tow truck for him. A tow truck, driven by the owner of the company, pulled defendant's vehicle from the mud.

While he was under arrest, defendant called and talked to the truck operator and his wife. However, defendant did not find out their names or whether there were any records of the incident. Defendant stated the owner remembered the incident and that he told the owner defense counsel would contact him soon. Defendant told his attorney of the incident seven months prior to trial. Defendant remembered giving defense counsel the phone number or name of the company.

Defendant further testified that he corresponded with his appellate counsel about raising the marital privilege issue. Appellate counsel responded that he felt the issue was meritless.

Michael O'Rourke, defendant's trial counsel, testified that defendant told him of the alibi, asked him to contact the towing company, and gave him either the phone number or name of the company. O'Rourke talked to the owner's wife, who told him no records were kept establishing the dates and times of towing. She remembered talking to defendant. O'Rourke was unable to contact her husband and could not remember how many times he called the towing company.

O'Rourke further testified that he contacted the police department to see if they had any record of the incident. The police informed him that any oral record would have been erased. O'Rourke did not subpoena anyone or individually talk to the police to determine if anyone remembered the incident.

On July 13, 1984, the trial court denied defendant's motion for a new trial based upon the ineffective assistance of counsel and his petition for post-conviction relief.

Initially, defendant argues that he was not proved guilty beyond a reasonable doubt because the only evidence connecting him with the offense was the uncorroborated testimony of his ex-wife, and accomplice, Kelly Carr. Carr's testimony was the key element of the State's case. Defendant argues Carr's statement lacked absolute conviction of truth because she initially denied knowing where the victim's credit card came from, received deferred prosecution on a related forgery charge, and was in the midst of divorcing defendant, from which animosity toward him may be assumed. The State responds that these matters were placed before the jury and are questions of weight.

■■■ Uncorroborated accomplice testimony is a sufficient ground upon which the trier of fact may base a conviction. However, such testimony should be regarded with skepticism because the accomplice may have been promised leniency or harbor ill will toward the accused. The weaknesses of accomplice testimony are questions of the weight of the evidence, not its admissibility. (*People v. Wilson* (1977), 66 Ill. 2d 346, 349, 362 N.E.2d 291, 292.) Carr testified that the divorce was not the basis of her talking to the police. She also stated that entry into the deferred prosecution program designed for first offenders was not in exchange for her testimony. Even if this were not so, these matters would affect the weight, not the admissibility of her testimony. The credibility of accomplice testimony is a jury question. (*People v. Sangster* (1981), 95 Ill. App. 3d 357, 420 N.E.2d 181, *rev'd on other grounds* (1982), 91 Ill. 2d 260, 437 N.E.2d 625; *People v. White* (1984), 122 Ill. App. 3d 24, 460 N.E.2d 802.) The jury was aware of the factors affecting Carr's credibility. The evidence is sufficient to sustain the conviction.

■ Defendant next argues as an independent appeal issue and in connection with his petition for post-conviction relief that his counsel's failure to adequately investigate his alibi defense denied him effective assistance of counsel. The State responds that defendant received effective assistance. Trial counsel's decisions were strategy matters.

In order to establish an ineffective-assistance-of-counsel claim,

defendant must show that his counsel was actually incompetent in the performance of his trial duties and that absent his counsel's errors, the trial's result would probably have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068; *People v. Barnard* (1984), 104 Ill. 2d 218, 236-38, 470 N.E.2d 1005, 1012-13.) The standard is the same for appointed and privately retained counsel. *People v. Royse* (1983), 99 Ill. 2d 163, 457 N.E.2d 1217.

■ Decisions on whether to call witnesses are usually matters of strategy. Errors in strategy do not constitute ineffective assistance of counsel. (*Strickland v. Washington* (1984), 466 U.S. 668, 695, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) However, failure to interview witnesses may indicate actual incompetency, especially where their testimony may be exonerating. (*People v. Greer* (1980), 79 Ill. 2d 103, 402 N.E.2d 203; *People v. Witherspoon* (1973), 55 Ill. 2d 18, 302 N.E.2d 3; *People v. Corder* (1982), 103 Ill. App. 3d 434, 431 N.E.2d 701.) Failure to investigate a defense may also indicate actual incompetence. (*People v. Howard* (1979), 74 Ill. App. 3d 138, 392 N.E.2d 775.) However, conjecture may not serve as the basis of an ineffective-assistance-of-counsel claim. *People v. Greer* (1980), 79 Ill. 2d 103, 402 N.E.2d 203; *People v. Lewis* (1981), 97 Ill. App. 3d 982, 423 N.E.2d 1157.

O'Rourke indicated that he investigated the defense but could not substantiate the date and time during which defendant's vehicle was mired in the mud. The date and time were critical to defendant's alibi. In addition, O'Rourke checked with the police in an effort to substantiate the alibi. Defendant did not present any witnesses or support his alibi claim.

In *People v. Jackson* (1985), 131 Ill. App. 3d 128, defendant was convicted of burglary. In a letter to the court, defendant asserted that his counsel was incompetent for failing to call an alibi witness. Counsel stated that he talked to the witness, a doctor with whom the defendant had an appointment on the day of the burglary. Neither the doctor nor his office staff could determine when defendant had been in the office. On appeal, defendant argued that based upon *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045, a different attorney should have been appointed to argue his claim. The court held that appointment of a different attorney was not necessary because the allegation was spurious. The witness could not establish that defendant had been at the doctor's office during the burglary.

In *People v. Young* (1983), 115 Ill. App. 3d 455, 450 N.E.2d 947, defendant argued his trial counsel was incompetent for failing to in-

vestigate a potential alibi defense. Defendant stated he was in school when the offense occurred. Post-trial counsel submitted two affidavits which established that two teachers saw defendant at 8:35 a.m. and again at 9:35 a.m. However, the affidavits did not establish where defendant was during the interim, when the offense occurred.

The court stated that even if defendant could establish failure to investigate the defense, he had not shown prejudice. Any prejudice would be based upon speculation that someone saw him at the time of the offense. The court also noted that failure to present the defense, which was considered and rejected, was a matter of trial tactics. *People v. Young* (1983), 115 Ill. App. 3d 455, 467-68, 450 N.E.2d 947, 958.

In the instant case, O'Rourke investigated the defense but decided not to present it because he could not substantiate it. The time sequence was critical to the defense. O'Rourke also attempted to contact the witness. Under the circumstances, not presenting the defense was a tactical decision.

Defendant has not produced any viable evidence that a witness would have testified that his car was stuck in the riverbank near Pekin. Where an alibi is not verifiable, defendant has no valid claim of prejudice, and the trial court correctly denied post-conviction relief on this issue.

Defendant next argues that the trial court committed reversible error in admitting testimony about privileged marital communications. The State responds that description of a spouse's actions is not privileged. Initially, we note that defendant did not raise this issue in his previous appeals. The supreme court specifically stated that on appeal after remand defendant could raise the issues he had raised in the appellate court and in that court which were not addressed. (*People v. Krankel* (1984), 102 Ill. 2d 181, 189, 464 N.E.2d 1045, 1049.) Defendant now argues for the first time that the admissibility of Carr's testimony is an independent appeal issue. We find that it is not.

Generally, issues which could have been raised in the appellate court, but which were not, are waived. (*People v. Barnard* (1984), 104 Ill. 2d 218, 228, 470 N.E.2d 1005, 1008; *People v. Fink* (1982), 91 Ill. 2d 237, 241, 437 N.E.2d 623, 625.) Additionally, addressing the privilege question as an independent issue is contrary to the supreme court's mandate. See *People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 276-77, 442 N.E.2d 185, 188; *People v. Knox* (1971), 3 Ill. App. 3d 22, 23-24, 278 N.E.2d 252, 254.

However, we address the merits of the issue because of its relation to defendant's post-conviction petition allegation of ineffective

assistance of appellate counsel. Defendant argues failure to raise this issue demonstrates incompetence. Appellate counsel need not brief every conceivable issue on appeal. It is not incompetence for counsel to refrain from raising issues which, in his judgment, are without merit, unless counsel's appraisal of the merits is patently wrong. (*People v. Barnard* (1984), 104 Ill. 2d 218, 231, 470 N.E.2d 1005, 1009; *People v. Frank* (1971), 48 Ill. 2d 500, 505, 272 N.E.2d 25, 28.) Section 6 of Division XIII of the Criminal Code of 1874 states in part:

> "In all criminal cases, husband and wife may testify for or against each other: provided, that neither may testify as to any *communication or admission* made by either of them to the other or as to any conversation between them during marriage." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 155—1.

In *People v. Palumbo* (1955), 5 Ill. 2d 409, 125 N.E.2d 518, the court construed the statute to mean that confidential communications are privileged. Intramarital conversations are presumed confidential unless the circumstances indicate otherwise. The presumption of confidentiality does not automatically extend to actions. (*People v. Burton* (1972), 6 Ill. App. 3d 879, 286 N.E.2d 792.) Confidentiality is destroyed if the communication takes place in the presence of third persons who are capable of understanding the communication. *People v. Sanders* (1983), 99 Ill. 2d 262, 457 N.E.2d 1241; *People v. Torres* (1974), 18 Ill. App. 3d 921, 310 N.E.2d 780.

Carr described defendant's actions and related over objection a brief conversation during which defendant said he saw people in the victim's back yard. She started to relate the substance of a conversation in the K mart parking lot. Defendant's hearsay objection to this was sustained.

Defendant now argues that both his actions and his conversation were confidential communications. In *People v. Simpson* (1976), 39 Ill. App. 3d 661, 670, 350 N.E.2d 517, 522, *rev'd on other grounds* (1977), 68 Ill. 2d 276, 369 N.E.2d 1248, the court held that description of conduct which is not clearly a substitute for oral communications is not within the statutory proscription. Simpson's wife, at trial, described Simpson's actions at her trailer the morning after the murder of which he was convicted. See also *People v. Rettig* (1980), 88 Ill. App. 3d 888, 410 N.E.2d 1099.

Defendant relies upon *People v. Krankel* (1982), 105 Ill. App. 3d 988, 434 N.E.2d 1162, (Bureau County conviction), in which the appellate court reversed defendant's conviction because Carr's testimony was a blend of description and recounting privileged communications.

However, the court noted:

> "Implicit in the term 'communication' is speech. Certain acts may constitute a communication to the other spouse. Such acts might include a wave of a hand or a nod of the head. However, the mere description by one spouse of general, noncommunicative conduct is not protected by the marital privilege statute."

(105 Ill. App. 3d 988, 991, 434 N.E.2d 1162, 1164.) Defendant's actions in entering and leaving the victim's home, then pulling the wallet out of hiding were not clear substitutes for speech. The testimony was properly admitted.

The presumption of privilege extends to defendant's statement that people were in the back yard. However, the information does not appear harmful to the defendant. Additionally, such comments are much like comments on the weather, road conditions or health which may not be intended as confidential. Since under the circumstances the issue has little merit, appellate counsel was not incompetent in failing to argue it.

■ Defendant next raises various arguments in support of his contention that he was improperly sentenced. The trial court sentenced defendant to an extended-term sentence. The sentence was consecutive to two concurrent sentences the defendant was then serving for prior unrelated offenses. Defendant argues the court failed to make a statutory finding that the consecutive sentence was necessary to protect the public. Therefore, he was improperly sentenced. The trial court stated that the public was entitled to protection from defendant's activities.

Section 5—8—4(b) of the Unified Code of Corrections does not require an explicit finding that the consecutive-term sentence is necessary to protect the public. (Ill Rev. Stat. 1981, ch. 38, par. 1005—8—4(b).) The record must show the sentencing court felt the consecutive term was necessary to protect the public. (*People v. Steppan* (1985), 105 Ill. 2d 310, 322; *People v. Pittman* (1982), 93 Ill. 2d 169, 442 N.E.2d 836.) The record supports the consecutive sentence.

■ Defendant next argues as an independent appeal matter and in connection with his petition for post-conviction relief that the court's reversal in *Krankel* (Bureau County conviction) requires a new sentencing hearing. The trial court considered the Bureau County conviction in initially sentencing defendant on the instant offense. The State argues defendant's record supports the sentence excluding the Bureau County conviction.

This issue was not raised in defendant's previous appeals. Therefore, absent plain error it is waived. (*People v. Barnard* (1984), 104

Ill. 2d 218, 470 N.E.2d 1005; *People v. Fink* (1982), 91 Ill. 2d 237, 437 N.E.2d 623.) Addressing it as an independent substantive matter also contravenes the supreme court's mandate. However, we address the merits of defendant's assertion because he argues in his petition for post-conviction relief that the sentencing court's consideration of the Bureau County conviction requires a new sentencing hearing.

Defendant relies on *People v. Coty* (1982), 105 Ill. App. 3d 398, 434 N.E.2d 432, and *People v. Reynolds* (1982), 105 Ill. App. 3d 698, 434 N.E.2d 776. In *Coty*, the sentencing court considered an earlier conviction which was subsequently reversed. The State had confessed error on appeal of the earlier conviction. Although defendant had been indicted for robbery, he was convicted of theft, not an included offense. The appellate court in *Coty* held that defendant was entitled to a new sentencing hearing in light of the reversal, even though his sentence may otherwise have been warranted. *People v. Coty* (1982), 105 Ill. App. 3d 398, 400, 434 N.E.2d 432, 434.

In *Reynolds*, the court remanded for a new sentencing hearing when three prior convictions considered in sentencing were reversed. A review of the cases shows that one of the prior convictions was reversed on constitutional grounds. *People v. Reynolds* (1982), 105 Ill. App. 3d 698, 434 N.E.2d 776.

The cases in this area indicate that where the prior conviction is constitutionally infirm, remand for a new sentencing hearing is required. See *People v. Merneigh* (1981), 101 Ill. App. 3d 536, 428 N.E.2d 688 (defendant's prior misdemeanor convictions were found constitutionally infirm); *People v. Fischer* (1981), 100 Ill. App. 3d 195, 426 N.E.2d 965 (prior conviction based upon unconstitutional statute); *People v. Beyah* (1979), 72 Ill. App. 3d 690, 391 N.E.2d 96 (prior conviction violated defendant's speedy trial rights); *People v. Marselle* (1974), 20 Ill. App. 3d 1012, 314 N.E.2d 21 (prior conviction declared void in *habeas corpus* proceeding).

In *People v. Miller* (1975), 27 Ill. App. 3d 788, 792-93, 327 N.E.2d 253, 256, the court rejected defendants' arguments that they were entitled to a new sentencing hearing. The court noted the prior convictions were not void, there was no indication that the judge specifically relied upon the reversed convictions, and the sentence was within statutory limits.

During the hearing on defendant's petition for post-conviction relief, the trial court specifically reconsidered the sentence, excluding the Bureau County conviction. In the 10 years preceding the instant offense, defendant had four burglary convictions, one theft conviction, one attempted theft conviction, and two misdemeanor theft convic-

tions. The trial court concluded the sentence was warranted.

In addition, the prior conviction was reversed because of a violation of the marital privilege statute. The conviction had not been reversed when the sentencing court considered it. It was not subsequently declared constitutionally infirm. Defendant is not entitled to a new sentencing hearing. (See *People v. Merneigh* (1981), 101 Ill. App. 3d 536, 428 N.E.2d 688.) The trial court correctly denied post-conviction relief on this basis. *People v. Logan* (1976), 39 Ill. App. 3d 656, 350 N.E.2d 40.

■■■ Defendant next argues that his sentence was disproportionate to the nature and seriousness of the offense, his sentence for prior similar offenses and Carr's sentence. The State responds that the sentence was not an abuse of discretion, and Krankel was not similarly situated to Carr.

Defendant received an extended-term sentence based upon the fact that he had been convicted of prior felonies within the past 10 years. (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—8—2, 1005—5—3.2(b)(1).) The sentence was made consecutive to concurrent sentences defendant was then serving on two prior unrelated convictions. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(b).) Defendant now argues that his 19-year sentence is disproportionate to the nature of the offense considering burglary is not a crime of violence. He argues that those who commit violent offenses receive sentences of lesser duration.

Defendant's total term of imprisonment is the result of three separate sentences imposed by different courts for distinct offenses. Defendant was eligible for an extended-term and consecutive sentencing. A sentencing court's determination will not be modified on review absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Since the sentence imposed was within the statutory limits, the fact that defendant may be imprisoned longer for his multiple burglary convictions than a person might be imprisoned for a "violent" offense, does not indicate the sentencing court abused its discretion. All of the factors of section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 83, par. 1005—5—3.2) need not be present before an extended-term sentence may be imposed. *People v. Hamilton* (1980), 81 Ill. App. 3d 297, 401 N.E.2d 318.

Defendant urges that the sentence in the instant offense should be similar in length to prior sentences imposed for similar burglary offenses. He maintains the instant sentence is fundamentally unfair. Defendant cites no authority for this proposition, and we have found

none. A sentencing court may properly consider prior convictions as an aggravating factor.

■■■ Defendant argues that his sentence is fundamentally unfair because it is disproportionate to the sentence imposed upon Carr. The State responds that the two were not similarly situated. We agree. Concepts of fundamental fairness require that similarly situated defendants receive similar sentences. (*People v. Henne* (1973), 10 Ill. App. 3d 179, 293 N.E.2d 172.) Carr and defendant were not similarly situated, nor were they equally responsible for the offense. Disparate sentences may be imposed when the defendants' criminal records differ. *People v. Thompson* (1967), 36 Ill. 2d 478, 224 N.E.2d 264.

■■■ Defendant next argues that the trial court abused its discretion in sentencing him to an extended term since the instant offense occurred prior to conviction of his two latest offenses. There is little merit in this argument. First, defendant had multiple felony convictions within the statutory period. Second, the statute does not require commission of the second offense after conviction for the prior offense. *People v. Hooker* (1981), 96 Ill. App. 3d 202, 421 N.E.2d 308; *People v. Hamilton* (1980), 81 Ill. App. 3d 297, 401 N.E.2d 318.

■■■ Defendant argues that the trial court's reliance upon prior convictions to sentence him to a maximum extended term and to make the sentence consecutive violates double jeopardy concepts and is an impermissible enhancement of his sentence. The State argues that since the extended and consecutive sentencing provisions are independent, the sentence imposed was proper.

Concepts of double jeopardy prohibit multiple punishment for the same offense. (*Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221.) Defendant has not shown that he is being subjected to multiple punishment for the same offense. The prior convictions were entirely distinct from the instant offense. They did not occur as part of the same course of conduct. No constitutional violation occurred.

Defendant relies upon *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558, *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, and *People v. Gresham* (1982), 104 Ill. App. 3d 81, 432 N.E.2d 654, in support of his contention that statutorily his sentence was impermissibly enhanced.

These cases are inapposite. In *Hobbs*, the court reversed defendant's extended-term sentence because a prior felony had been used to enhance the current offense to a felony and also used as the basis of an extended-term sentence under section 5—5—3.2(b) of the Unified Code of Corrections. (*People v. Hobbs* (1981), 86 Ill. 2d 242, 244-46,

427 N.E.2d 558, 559-60; Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b).) The *Gresham* court reversed under similar factual circumstances (*People v. Gresham* (1982), 104 Ill. App. 3d 81, 88-89, 432 N.E.2d 654, 659-60.) In *Haron*, the court stated the presence of a weapon could not be used to enhance the offense from the misdemeanor to a felony and serve as the basis of an armed violence charge. *People v. Haron* (1981), 85 Ill. 2d 261, 278, 422 N.E.2d 627, 634.

Defendant's prior offenses were felonies. They were not used to raise his present offense to a felony. No element of the previous felonies was used as a basis of convicting defendant of the current offense. We find that no impermissible enhancement occurred.

■ Defendant argues that he should receive credit for time served in custody prior to sentencing on the instant offense. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7.) This argument was not raised in the previous appeals. The record indicates that the sentence credit was denied because time served in the McLean County jail was applied to defendant's Peoria County sentence. The sentence credit was properly denied.

■ Finally, defendant argues that the trial court erred in not appointing new counsel to argue his post-trial allegation of ineffective assistance of counsel. The State agrees, as did the supreme court when it decided this issue. (*People v. Krankel* (1984), 102 Ill. 2d 181, 189, 464 N.E.2d 1045, 1049.) A hearing with new counsel, present counsel, was held on June 28, 1984.

Defendant now argues that the conflict of interest created when he alleged ineffective assistance tainted the entire post-trial proceeding which dealt with the post-trial motions and sentencing. Defendant had the opportunity to argue this issue on his first appeal both in this court and before the supreme court. He did not argue it and has waived the issue. (*People v. Barnard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005; *People v. Fink* (1982), 91 Ill. 2d 237, 437 N.E.2d 623.) Counsel argued and the trial court reconsidered the sentencing issue. (See *People v. Merneigh* (1981), 101 Ill. App. 3d 536, 428 N.E.2d 688.) Defendant is not entitled to a new sentencing hearing.

For the above reasons, we affirm the trial court.

Affirmed.

GREEN, P.J., and MILLS, J., concur.