THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FRANK HOUSE, Defendant-Appellant.

Fourth District No. 4—88—0019

Opinion filed September 1, 1988.

220

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and David Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

The defendant Frank House pleaded guilty to the charge of armed robbery. At a sentencing hearing on September 18, 1984, the defendant was sentenced to a term of incarceration of 15 years. On September 19, 1984, the defendant filed a *pro se* motion to withdraw his guilty plea. At a hearing on February 15, 1985, the trial court denied the defendant's motion to withdraw his guilty plea. This decision was affirmed by this court in a Rule 23 order (107 Ill. 2d R. 23) entered January 13, 1986. (*People v. House* (1986), 138 Ill. App. 3d 1168 (order under Supreme Court Rule 23).) On September 4, 1987, the defendant filed a *pro se* post-conviction petition and at a hearing on December 4, 1987, a hearing was held on defendant's post-conviction petition. The court subsequently entered an order granting the State's motion to dismiss and the defendant filed a timely notice of appeal. The only issue presented for review is whether the defendant is entitled to a new sentencing hearing because two prior convictions used against the defendant in aggravation were reversed by this court on constitutional grounds.

We affirm the dismissal of the petition.

Although the defendant asserts there are two reversed convictions and sentences, it should be noted that the presentence report which was filed prior to sentencing shows a single theft conviction in Sangamon County, Illinois, case No. 83—CM—1305. The presentence report does not show the theft conviction reversed by this court in a Rule 23 order, June 18, 1984 (*People v. House* (1984), 125 Ill. App. 3d 1175 (order under Supreme Court Rule 23)).

██ The defendant has waived any issue concerning the merits of his petition when one looks only at the dates and the substance of the record in this case.

Insofar as this appeal is concerned, the following dates are important:

| | |
|---|---|
| June 18, 1984 | Appeal of *People v. House*, 83—CM—1305, theft conviction reversed. |
| August 13, 1984 | Defendant enters plea of guilty to instant charge. |
| September 13, 1984 | Presentence report filed. |
| September 18, 1984 | Sentencing hearing held, no objection by defendant to presentence report and defendant sentenced to 15 years' imprisonment. |
| September 19, 1984 | Motion to withdraw guilty plea filed. No mention by defendant of improper consideration of theft conviction by the trial court. |
| February 15, 1985 | Motion to withdraw denied. |
| January 13, 1986 | Conviction affirmed by this court. |
| September 4, 1987 | Post-conviction petition. |

The basis for finding waiver as to this issue can be based on any one of a number of reasons. They are:

(A) Defendant did not object to the presentence report's reference to a previously reversed misdemeanor conviction at the sentencing hearing.

(B) The issue was not raised on the defendant's motion to withdraw his guilty plea.

(C) The defendant did not raise the issue of improper consideration by the trial court in sentencing on the direct appeal.

The presentence report to which the defendant did not object shows a long criminal record beginning with an auto theft conviction in April of 1958 when defendant was sentenced one to five years in the penitentiary; malicious mischief, one year—Department of Corrections; a 1962 conviction for robbery with a sentence four to eight years in the Department of Corrections; a 1967 conviction for armed robbery and aggravated battery with multiple sentences, including sentence on the armed robbery charge, 10 to 30 years; a 1974 conviction of armed robbery with sentence four years to four years and one day; a 1980 conviction of unlawful use of a weapon, sentence four years in the Department of Corrections; the theft conviction which is the issue raised by the defendant in this appeal in 1983, sentenced to six months in jail,

reversed by this court; three retail theft convictions with short-term sentences to the county jail; an obstruction of justice charge in 1984 wherein he received 30 days in jail.

The trial court had admonished the defendant that he could receive not only a sentence of 6 to 30 years in the penitentiary, but was likely eligible for an extended term with a maximum of 60 years in the penitentiary. At the sentencing hearing, apparently because of the defendant's cooperation with the State's Attorney's office as to a related defendant, the court told defendant:

> "[N]ormally, that would call for a longer term than what the State has recommended.
>
> The court's going to follow the recommendation of the State's Attorney's Office understanding that they probably—and I know they have—made this recommendation because of the cooperation they received from this defendant during the Ingram trial. Otherwise, they would certainly have recommended a longer sentence than the fifteen years."

■ Not only has the defendant waived the issue but it boggles the mind after reviewing the defendant's lengthy criminal record to say that this petition for post-conviction relief should be granted based on an allegation that the court considered the misdemeanor offense of theft reversed by this court. The defendant had received prior sentences to the penitentiary whose maximum terms when added together would have exceeded the age of the defendant.

Even if there was merit to the defendant's contention, and this court finds there was not, remand is not required where the effect of the reversed conviction is insignificant. *People v. Krankel* (1985), 131 Ill. App. 3d 887, 476 N.E.2d 777; *People v. Stewart* (1988), 121 Ill. 2d 93, 520 N.E.2d 348.

As argued by the State, allowing the defendant to raise this claim for the first time in a post-conviction petition would deny the State's legitimate interest in the finality of the proceedings and make a mockery out of the rule requiring the defendant to raise issues in the trial court and on direct appeal. This proceeding also points out the interminability with respect to our criminal justice system and the questionable usefulness of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, pars. 122—1 through 122—8).

The trial court should be affirmed.

Affirmed.

GREEN, P.J., and LUND, J., concur.