THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN ROGERS, Defendant-Appellant.

First District (3rd Division)   No. 1—89—2677

Opinion filed December 4, 1991.

Randolph N. Stone, Public Defender, of Chicago (Stephanie L. Ellbogen, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Randall Roberts, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, defendant, John Rogers, was convicted of heinous battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4.1) and sentenced to 25 years' imprisonment. On appeal, he contends that grain alcohol is not a caustic substance as required for conviction under the heinous battery statute.

During the early morning hours of April 17, 1988, complainant Veronique Gill was in a room at the Camelot Hotel in Chicago with defendant and two others. Earlier that night defendant had cooked cocaine, water and baking soda in a test tube over a flame until the ingredients combined. The "torch" he had used to cook the cocaine was made from a hanger covered with cotton and dipped in grain alcohol. After the cocaine hardened, they all smoked the substance through a pipe.

About 3 a.m., defendant became angry and asserted that someone had stolen his cocaine. Complainant suggested that he frisk her to prove that she had not taken it. Defendant said "if my cocaine don't come up somebody's going to be messing some peoples." When no one responded, defendant approached complainant, who was sitting cross-legged on the bed. He immediately poured grain alcohol on top of her head which ran down her body and said to her, "Bitch, you must think you are cute."

Defendant then threw a lit match at her causing her head, face, chest and pants to ignite. As a result of setting her aflame, her clothing completely burned. Blindly, she walked to a wash bowl where she flung her burning hair from her face and soaked her head under the water to

extinguish the flames. Steady burning continued on her face and on top of her head for more than 10 minutes until she was able to put out the fire completely. The clothes produced at trial showed the areas where the burns were concentrated.

She was hospitalized and treated for burns for four months. During that time, she had skin grafts on her forehead, chest, breast and thighs. Dr. Hanumadass, a burn expert and her attending surgeon, testified that her burns were classified as major burns because of the important anatomical areas involved—face and both hands. He explained that she had approximately 23% to 24% body surface burns extending from forehead up to the mid-thighs, face, ears, nose, neck, upper chest, abdomen, upper thighs and both hands. Of this 23%, 8% were considered as deep- to full-thickness second-degree burns. The deepest burns were on her upper thighs and under the breasts. Complainant testified that her face, breasts, entire stomach and thighs are permanently scarred.

Defendant's version of the events differed in that he testified that when complainant lit a pipe with grain alcohol, the pipe exploded and she caught fire. He claimed that he never actually saw the pipe explode but heard a noise and then observed her on fire. He explained that previously the pipe had been cleaned with grain alcohol.

Dr. Hanumadass stated that the burns he treated complainant for were consistent with the history given by complainant and not consistent with any sort of explosion. Hanumadass explained that her burns were essentially distributed on the front of her body and her condition consisted of localized and flame burns with different depths whereas explosion burns are diffused.

■■ The heinous battery statute (Ill. Rev. Stat. 1987, ch. 38, par. 12—4.1) states:

"(a) A person who, in committing a battery, knowingly causes severe and permanent disability or disfigurement by means of a caustic substance commits heinous battery."

On appeal, defendant contends that grain alcohol does not constitute a caustic substance within the meaning of the statute. Defense counsel argued this in defendant's motion for a directed verdict. The trial court relied on *People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473, and denied defendant's motion.

■■ Where the terms of a statute are not defined by the legislature, courts will assume that they were intended to have their ordinary and popularly understood meanings unless doing so would defeat the perceived legislative intent. (*People v. Fink* (1982), 91 Ill. 2d 237, 240, 437 N.E.2d 623.) Webster's Third New International Dictionary defines "caustic" as follows: "[C]apable of destroying the texture of anything or

eating away its substance by chemical action: corrosive: as a: capable of destroying animal or other organic tissue ***[;] b: strongly alkaline." Webster's Third New International Dictionary 356 (1971); see also Funk & Wagnall's New Comprehensive International Dictionary 221 (Encyclopedic Ed. 1977); Second College Edition of the American Heritage Dictionary 249 (1985).

*People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473, is the only Illinois case that attempts to define "caustic" in the context of heinous battery. In *Hicks*, complainant was a nine-year-old girl severely burned when defendant poured boiling water over her, water which she had heated to cook hot dogs.

The court found boiling water qualified as a caustic substance under the statute, and rejected defendant's argument that the statute intended to distinguish between burns caused by thermal action (such as with boiling water) and those caused by chemical action (such as with acids). The court stated that "chemical action" as used in the definition of "caustic" "is defined as the 'molecular change produced in any substance through the action of *heat,* light, electricity, or another chemical.' " (Emphasis in original.) The court found that burns caused by heat, as well as burns caused by other means, are the result of chemical action. *Hicks*, 101 Ill. 2d at 371-72.

Applying the reasoning of *Hicks*, we believe the trial court correctly found that grain alcohol, when ignited by defendant, became a caustic substance which indisputably caused severe and permanent injuries to complainant.

In *Hicks*, the court recognized that while water by itself is not a caustic substance, when it is heated to boiling, it becomes a caustic substance. Clearly if defendant had ignited the alcohol prior to pouring it on complainant, that flaming alcohol would have been considered a caustic substance. While the poured alcohol by itself may not have been caustic, defendant's battery became heinous when the chemical action of ignition was performed by defendant for the sole purpose of burning complainant.

This case is stronger than *Hicks* since there the defendant had not even heated the water himself. Here, defendant performed both the preparatory work, the pouring of the alcohol, and the chemical action of igniting it.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA, P.J., and TULLY, J., concur.